| 3w301
|148 379

3 W   301
f 24 SC ²260

</div>

## Bayne *against* Gaylord.

Where there was an amicable submission to *two* arbitrators, who, in connexion with a *third* to be chosen by the two, were to decide *whether certain work done by the plaintiffs was in conformity with their contract,* and whose decision was to be binding and conclusive between the parties, and the two arbitrators, without the concurrence of a third, made an award in favour of the plaintiffs for *extra work,* evidence of the submission and award was properly rejected on a subsequent trial between the parties.

Unliquidated damages, arising from deficiency in the performance of a contract for the erection of a building, may be given in evidence as a set-off against the plaintiff's claim under a mechanic's lien, but will not authorize the jury to find a balance in favour of the defendant.    A certificate to that effect, found by the jury, will be quashed, while the judgment upon the finding is faultless, and will not be reversed.

WRIT of error to the court of common pleas of *Alleghany* county. This was a *scire facias* upon a mechanic's lien.    Andrew Bayne and Thomas Laughlin, the plaintiffs in error and plaintiffs below, were house-builders, and entered, on the 29th of September 1828, into a written contract with the defendant, Thomas G. Gaylord, for the erection of a warehouse on Wood street in the city of Pittsburgh. The contract contained various specifications as to the dimensions, materials and structure of the building, after which followed a clause by which Bayne and Laughlin bound themselves to perform "the conditions aforementioned, and to complete the said warehouse in every respect in a masterly and workmanlike manner" for the price of 1850 dollars.    The plaintiffs filed their lien for the whole of the work done by them on the warehouse.    Their lien therefore embraced as well the work done under, as the work done over and beyond the contract, which latter they charged as extra, and consisting, as they alleged, of whatever work was not included in the specifications contained in the contract, and of some alterations which were suggested by the defendant while the building was going up and after it was finished.

[Bayne v. Gaylord.]

In the account filed by the plaintiffs along with their lien, they had no reference to the price stipulated in the contract, but charged the customary prices of such work in detail.    On the trial, however, the plaintiffs produced the contract in evidence.    The burthen being thrown on the defendant to prove the payments he had made, he accordingly, under the pleas of set-off and payment, showed, on the trial, that he had paid 1850 dollars, the price stipulated in the contract; and then gave evidence of a deficiency in the performance of the contract, in order to show that he had overpaid the plaintiffs for the work done under the contract, which overpayment, he contended, was a legal set-off against the plaintiffs' claim for extra work.

On the 20th of February 1829, previous to the institution of this suit, the parties entered into a bond for an amicable reference, and appointed James M'Clelland and William Witty, to whom, together with such third person as the two should select, it was to be submitted " whether the work done was in strict conformity to the provisions of the contract, with the exception of such alterations as the said Thomas G. Gaylord directed."    The parties bound themselves in the penalty of 1000 dollars to abide by the decision of the referees in the premises.    On the 24th of February 1829, M'Clelland and Witty, the two referees, were sworn before an alderman in the presence of the parties, and on the same day proceeded, without choosing a third referee, and made an award in favour of Bayne and Laughlin for 212 dollars.    These proceedings were offered in evidence by the plaintiffs on the trial of this cause, and rejected by the court below; to which the counsel of the plaintiffs excepted.

Two points were submitted by the plaintiffs' counsel to the court below, the answers to which were assigned for error.

The verdict and judgment were rendered for the defendant for 259 dollars 75 cents.

Of the errors assigned the second was relinquished on the argument, and is therefore omitted.

1. The court erred in charging the jury, that unliquidated damages, claimed by the defendant below for deficiency of work done under the written contract (although that work had been paid for), might be set off against the plaintiffs' claim for work done subsequently under a new contract or agreement.

3. The court erred in rejecting the evidence offered by the plaintiffs below, of an amicable submission to, and the award of Messrs Witty and M'Clelland, showing the amount of extra work done by the plaintiffs.

4. There was error in the verdict and judgment.

*Metcalf*, for the plaintiffs in error.

While the building was in progress, alterations were admitted to have been made by the direction of the defendant, which were extra work, for which he was to pay.    It was a matter of dispute on the trial what constituted extra work; but that there was some done,

[Bayne v. Gaylord.]

was proved beyond question.  The building was received by the defendant, who afterwards made a verbal agreement for an alteration, by taking out the front of brick and putting in stone, and also for shelving the lower story.  All the wood work of both these alterations was done by the plaintiffs.  The existence of a written contract for the erection of a building, will not, in Pennsylvania, preclude the mechanic from filing his lien.  But the plaintiffs, on the trial, introduced the written contract to get at the amount of extra work for which they claimed.  The defendant alleged that the work done under the written contract was defective, and that he could set this off against the plaintiffs' claim.  We contended it was unliquidated damages, occurring on a different contract.  It was admitted that if the suit had been brought on the written contract, such damages might be set off.  The court admitted evidence of a deficiency in the performance of the written contract, saying it was all one transaction, as we had filed a lien for the whole amount of work done by the plaintiffs on the building.  That was true.  We had to make out our account in that way to elicit the nature of the defendant's payments.  The verdict and judgment absolute, which were rendered in this case in favour of the defendant, cannot be sustained.  Even a certificate cannot be rendered by a jury for a surplus consisting of unliquidated damages.  The damages must be such as could be set off under the common law.  Our defalcation act, and the decisions under it, are confined to cases of mutual accounts.  At the common law there was no such thing known as a verdict for the defendant for any amount.  In Gogel *v.* Jacoby, 5 *Serg. & Rawle* 122, and Heck *v.* Shener, 4 *Serg. & Rawle* 249, the doctrine is, that the defendant may show acts of misfeasance or nonfeasance in the performance of a contract, to defeat the plaintiff's action in whole or in part, when embraced in the same transaction.  This privilege is extended to the defendant to avoid circuity of action; but there is no case in which it has been decided, that unliquidated damages can be set off so as to enable the defendant to obtain a certificate in his favour.  Anderson's Executors *v.* Long et al., 10 *Serg. & Rawle* 62.  In relation to the evidence of the amicable submission and award, which the court rejected, it will be borne in mind that no objection was made by the defendant when he was present, and the two referees were sworn that a third was not appointed.

*H. M. Watts*, for defendant in error.

There are but two important points involved in the several exceptions to the opinion of the court sealed in the course of the trial below.

1. As to the amicable submission of the matters in controversy to three arbitrators, whose award in favour of the plaintiffs, it is said, was final and conclusive.  The answer is, that the plaintiffs themselves have treated the award as a nullity, by declining an action upon the same, and resorting, under their original agreement with

the defendant, to the provisions made by law in favour of mechanics. The award, however, is void; because it pursued not the terms of the submission, which required the action of three arbitrators, when but two investigated and reported upon the subject. The arbitrators exceeded the limits within which they were restrained by the terms of the submission. The court was, therefore, right in excluding the evidence referred to.

2. Did the act of 1705, relating to defalcation, under the pleas of payment and set-off, authorize the court to admit evidence on the part of the defendant, showing not only a fulfilment of his stipulations, but such breaches of the plaintiff's contract, in the construction of the building, as would justify the jury in certifying a verdict in favour of the defendant? The scope of the act embraces all "dealings, whether upon bonds, bills, bargains, promises, accounts, or the like," and whether a mechanic be a party or not. Neither does the act in relation to the lien of mechanics indicate any distinction between persons. As it regards the difficulty suggested in relation to the set-off of unliquidated damages arising from the defects in the work of the mechanics, it may be argued (the fact being conceded that the defendant had overpaid the amount stipulated in the contract), that the jury rendered their verdict for liquidated damages, considering that the plaintiffs had received more than they ought for a tottering building erected for the defendant; and as in Heck *v.* Shener, 4 *Serg. & Rawle* 249, the defence destroyed in part the consideration of the plaintiff's action. But whether the damages are liquidated or not, if they arise out of the same transaction, a set-off ought to be allowed. As the late Chief Justice said in Steigleman *v.* Jeffries, 1 *Serg. & Rawle* 479, it avoids multiplying of suits, is a great convenience, and causes no injury to the plaintiffs. To sustain this position Mr Watts also cited, and relied upon the cases of De Taslet and Co. *v.* Crousellat, 1 *Wash. C. C. Rep.* 504; Irwin et al. *v.* M'Kean, 12 *Serg. & Rawle* 295; Waln's Assignee *v.* Bank of North America, 8 *Serg. & Rawle* 88; Shaw *v.* Badger, 12 *Serg. & Rawle* 276; Gogel *v.* Jacoby, 5 *Serg. & Rawle* 123.

Without affirming that a defendant may set off a demand against the claim of a plaintiff for an act of a tortious nature, yet for acts of misfeasance or nonfeasance connected with the plaintiff's cause of action, the evidence would be properly admitted to reduce the plaintiff's claim under the contract, and the supreme court cannot presume, from the record, that the certificate of the jury was for more than the sum actually overpaid by the defendant. Mr Watts also referred to the cases of Le Barron *v.* Harriott, 2 *Penns. Rep.* 155, and Pride *v.* Johnston, *Ibid.* 158, to show the extent the courts had gone in sustaining the certificates of jurors and arbitrators in favour of defendant, and contended that it would be injudicious for the court to disturb the present one. If however the court should set aside the certificate in favour of the defendant, they will not reverse the judgment.

[Bayne v. Gaylord.]

*Burke,* in reply.

It was not admissible to show a defective performance under the old contract, which had been completed and paid for, to defeat the plaintiff's claim under a subsequent agreement. If it was, it was only admissible to defeat the plaintiff's recovery, and not to show a debt due to the defendant. No case that has yet been decided goes to the extent contended for by the opposite party. In the case of Irwin et al. *v.* M'Kean, 11 *Serg. & Rawle* 296, the damages were easily liquidated.

The opinion of the Court was delivered by

GIBSON, C. J.—The award of money for extra work, not being made in pursuance of the submission, was properly excluded. The two arbitrators, appointed by the parties, were directed to appoint a third; and it was agreed to abide by their decision, whether the work done, with the exception of alterations directed by the defendant, were in conformity to the contract. It is decisive against the award, that it was made but by the two original arbitrators, and without the concurrence of a third, to have been appointed by them. It might admit of a question, too, whether they had power to settle the price of extra work; or whether their powers were not restricted to the specific question of conformity to the contract. For the first reason, however, the award was clearly bad and properly rejected.

The remaining point is raised by an exception to the charge, and also to the verdict, or more properly, to a certificate appended to the verdict which finds a balance for the defendant. It is certain that on the principle of Heck *v.* Shener, 4 *Serg. & Rawle* 249, malfeasance in the execution of a contract may be given in evidence to show want of consideration; but that on the principle of Gogel *v.* Jacoby, 5 *Serg. & Rawle* 117, damages for such malfeasance cannot be set off to procure the certificate of a balance authorized by our defalcation act. But I do not understand the direction to have been inconsistent with the rule in either of these cases. The jury have, however, assumed the right to find a sum for the defendant; and it consequently results that the exception is in truth to the verdict alone, or rather, as I have said, to the certificate; for it was decided at the preceding term for the middle district, Ramsey's Appeal, 2 *Watts* 228, that the finding of a sum for the defendant is no part of the verdict or award, as the case may be, and that the judgment being no more than that the defendant go without day instead of *quod recuperet,* gives him no lien for the sum certified, which is a distinct cause of action, and to be prosecuted by *scire facias,* founded not on the judgment, but on the certificate. If there is no error in that part of the finding, then, which may with technical propriety be called the verdict, why reverse the judgment which is founded on that part alone? The judgment is faultless; but the certificate is otherwise, and if left undisturbed would be conclusive of the original matter in the trial of a *scire facias* founded on it, the defence to which

III.—oo

[Bayne v. Gaylord.]

would necessarily be restricted to payment or some matter subsequent. It is, however, essentially distinct from the verdict as well as from the judgment ; and being a final award in the nature of a judgment, it is the separate subject of a writ of error. Being clearly erroneous in the first instance, it is to be set aside.

Judgment of the court below affirmed, and the certificate of a balance in favour of the defendant quashed.