## Jarrett's Executor *versus* Cope, Treasurer.

68    67
202   ²592
68    67
24 SC '258

1. An unincorporated saving fund, loan or building association, cannot recover more than the amount actually loaned to its members and legal interest.

2. An association for "the accumulation of a fund by the saving of its members to build or purchase for themselves dwelling-houses or real estate or to enter into business," is not within the Building Association Act of May 8th 1855.

3. The Act of April 12th 1859, relating to mutual saving fund, loan or building associations, applies only to corporations.

March 2d 1871. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ. READ, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 10, to July Term 1870.

This was an amicable action and case stated, in which William Cope, Treasurer of the Mutual Building Association No. 2, of Germantown, was plaintiff, and Anthony Weisenberger, executor, &c., of Thomas Jarrett, deceased, was defendant. The case presented the following facts:—

The Building Association was formed in May 1867, and was unincorporated. By the articles of association its object was declared to be "the accumulation of a fund by the saving of its members to build or purchase for themselves dwelling-houses or real estate, or to enter into business, as they should deem most advisable." It was further provided, that every member for each share held in the association should pay $1 initiation fee, and at each monthly meeting 50 cents as part of the capital stock, and

[Jarrett *v.* Cope.]

25 cents annually to form a fund to pay taxes and current expenses. When each stockholder should have received $100 for each share of his stock, or the whole fund be sufficient to divide that amount, the association was to determine and close, and the treasurer deliver all papers to the borrowing stockholders, and enter satisfaction thereon. On the death of a member his legal representatives were to receive his full interest in the association; each stockholder might have a loan of $100 for each share of his stock when the funds should warrant, the stockholders to bid openly for the lòan which was to be awarded to that one offering the highest premium, who should pay the premium before receiving the loan; the loan to be secured by mortgage or judgment in the name of the treasurer on real estate; the borrower to transfer also to the treasurer a corresponding number of his shares of stock as collateral; interest to be paid every month at the rate of six per cent. per annum.

Thomas Jarrett, the decedent, held thirteen shares of stock, 'and in February 1868 borrowed $300, paying 21 per cent. premium and receiving $237; he gave his bond, with a mortgage for $300, and transferred to the association three shares of his stock as collateral security. In February 1869, he borrowed $1000 from the association, paying 20 per cent. premium, receiving $800 and giving his bond, with a mortgage for $1000, and transferring ten shares of stock as collateral.

. Jarrett died in October 1869: it was agreed that November 9th 1869 should be taken for the settlement of his account.

In the settlement of Jarrett's account, the association claimed according to the following statement:—

| | | | | |
|---|---|---|---|---|
| "Dr. | Amount of loan, February 22, 1868, | . | . | $300 00 |
| " | interest, to November 9, 1869, | . | | 30 90 |
| " | of loan, February 19, 1869, | . | . | 1000 00 |
| " | interest, to November 9, 1869, | . | | 43 83 |
| | | | | 1374 73 |

| | | | | |
|---|---|---|---|---|
| Cr. | Interest paid, . . . . . | $36 50 | |
| | Dues paid, . . . . . | 169 00 | |
| | Five per cent. on dues paid, . . | 8 45 | 213 95 |
| | | | $1160 78 |

Or if the defendant is entitled to full value of his stock, $1132.73 And in either case, interest from November 9, 1869."

The defendant stated the account as follows:—

[Jarrett v. Cope.]

" Dr.　Net amount of loan of February 22, 1868,　.　$237 00
　　　　Interest to November 9, 1869,　　　.　.　　24 29
　　　　Amount of loan, February 17, 1869,　.　.　 800 00
　　　　Interest to November 9, 1869,　　　.　.　　33 33
　　　　　　　　　　　　　　　　　　　　　　　　　　　———————
　　　　　　　　　　　　　　　　　　　　　　　　　　$1094 62
　Cr.　Interest paid,　.　·　.　.　$36 50
　　　　Dues paid, .　.　.　.　.　169 00　　205 50
　　　　　　　　　　　　　　　　　　　　　　　　　　　———————
　　　　　　　　　　　　　　　　　　　　　　　　　　$889 12

and interest from November 9, 1969."

" If settlement is to be made in accordance with the articles of the Association, then judgment for $1160.78 and interest from November 9th 1869.

" If the defendant is entitled to have credit for full value of his stock, then judgment for $1135.26 and interest from November 9th 1869.

" If the defendant is entitled to a deduction for premiums paid, then judgment for $889.12 and interest from November 9th 1869."

The court below entered judgment for the plaintiff for $1135.26, with interest from November 9th 1869.

This was assigned for error on the removal of the case to the Supreme Court by the defendant.

*J. Starr*, for plaintiff in error.—In such associations as this, the rule has invariably been to allow the recovery only of the actual loan, with lawful interest : Bechtold *v.* Brehm, 2 Casey 269 ; Kupfert *v.* Guttenberg Building Assoc., 6 Id. 465 ; Hughes's Appeal, Id. 471 ; Schober *v.* Accom. Loan Assoc., 11 Id. 223 ; N. Am. Building Assoc. *v.* Sutton, Id. 463 ; Philan. Building Assoc. *v.* McKnight, Id. 470 ; Reiser *v.* Wm. Tell Savings Assoc. 3 Wright 137 ; Kelly *v.* Perseverance Building Assoc., Id. 148 ; Denny *v.* W. Phil. Building Assoc., Id. 154 ; Premium Fund Assoc. Appeal, Id. 156 ; Houser *v.* Hermann Building Assoc., 5 Id. 478 ; McGrath *v.* Ham. Loan Assoc., 8 Id. 383 ; Everham *v.* Oriental Loan Assoc., 11 Id. 352 ; Seagrave *v.* Pope, 15 Eng. L. & Eq. R. 478 ; Johnston *v.* Potomac Building Assoc., 14 Leg. Int. 393 and 401.

*C. S. Pancoast*, for defendant in error.—This is simply a partnership whereby the members may, by the monthly payment of certain amounts, interests and profits, raise a fund for their joint benefit. The laws against usury do not apply to partnership transactions : Silver *v.* Barnes, 6 Bing. N. C. 180 ; Burbridge *v.* Cotton, 8 Eng. Law & Eq. 62¼; Seagraves *v.* Pope, 15 Eng. Law & Eq. 480 ; Mosely *v.* Baker, 6 Hare 87 ; Acts of April 22d

[Jarrett *v.* Cope.]

1850, Pamph. L. 550; May 8th 1855, Pamph. L. 519. The latter act simply repeals the usury laws as to these associations. Building Assoc. *v.* Seemiller in note, Schober *v.* Saving Fund, 11 Casey 225.

The opinion of the court was delivered, March 20th 1871, by SHARSWOOD, J.—I do not propose to review the course of decisions in this court on the subject of building association loans. I am afraid that I do not understand them all, and certainly never would have united in several of them as to the construction and application of the Acts of Assembly upon the subject. But there is one point which seems to be very clear, that it is entirely too late now to overrule them. These decisions settle two points : First, that an unincorporated society like that now before us could not under the Act of March 2d 1782, 1 Sm. L. 156, lawfully recover more than the amount actually advanced in loans to their members, and the legal rate of interest thereon : Bechtold *v.* Boehm, 2 Casey 269. In that case the English view that such associations were partnerships and the agreement of members to share the profits was not within the usury laws was urged on the court. "We think," said Tindal, C. J., "it was a dealing with the partnership fund, in which the defendant. had an interest in common with the other members of the society, and that it was not a loan. The defendant was interested in the fund when the money was advanced and when it was repaid. The rules of the society are in effect a mere agreement by partners that their joint contributions shall be advanced for the use of one or others as occasion requires :" Silver *v.* Barnes, 6 Bingh. N. C. 180. This was the ground upon which the judgment of the District Court below in that case had been entered, and that judgment was reversed and judgment was entered for the amount actually advanced and interest. The legislature, however, had interfered. By an Act of Assembly of April 22d 1850, sections 4, 5, 6, 7 and 8, Pamph. L. 150, any number of persons, citizens of Philadelphia, Schuylkill and Berks, associated for the purpose of forming "mutual savings funds, land and building associations, might apply to the Court of Common Pleas and obtain charters of incorporation, and by a subsequent Act of Assembly of May 8th 1855, Pamph. L. 519, it was declared that in investments by building associations in loans to members thereof, the premium given for purchase or priority of loan, shall not be deemed usurious." In Kupfert *v.* The Guttenberg Building Association, 6 Casey 465, it was decided that a society formed for the purpose of loaning money to its members, is not a building association, within the meaning of the Acts of 1850 and 1855. "This company," said Chief Justice Lowrie, " is not a building association at all. True, in the second article of its constitution it declares its object to be

[Jarrett v. Cope.]

to erect buildings; but this is a mere sham, for all the rest of its constitution and by-laws shows most distinctly that its only purpose is to loan out its money." "The Mutual Building Association No. 2, of Germantown," is clearly within the ban of this opinion. By the first article of the constitution its object is stated to be "the accumulation of a fund by the saving of its members to build or purchase for themselves, respectively, dwelling-houses or real estate or to enter into business, as they shall deem most advisable." All the other articles, like those of the Guttenberg Building Association, show its purpose to loan out its money, and certain it is that a member having obtained a loan could do what he pleased with the money—build or buy a house, go into business or spend it. Accordingly, in the Premium Fund Association's Appeal, 3 Wright 156, where the loan was dated in 1857, it was held that under all contracts of loan by building associations at that time, whenever the rate of interest received exceeded that established by law, the borrower is not liable to pay the excess above the legal rate. The second point, then, which must be considered as at rest, is that an association, like that now in question, whether incorporated or unincorporated, is not a building association within the Act of 1855. Subsequently the legislature passed the Act of April 12th, 1859, Pamph. L. 544,—a well considered and ably drawn law—by which throughout the entire state mutual saving fund, loan or building associations, may be incorporated by the several Courts of Common Pleas, and it was declared to have been "the true intent and meaning of the Act of 1850 to authorize the incorporation of companies or associations, with power to loan or advance, to the stockholders thereof the moneys accumulated from time to time, * * * * and that the premiums taken by the said associations, for the preference or priority of such loans should not be deemed usurious." It is very clear that the provisions of this section do not apply to any associations but those incorporated under the Act of 1850. Unincorporated associations are unaffected by it. As to corporations under the Act of 1859, it is provided by the sixth section, "that no premiums, fines or interest, or such premiums that may accrue to the said corporation, according to the provisions of this act, shall be deemed usurious." The result then is, that the defendant below was entitled to a deduction for premiums paid.

Judgment reversed, and now judgment for the plaintiff below, for $889.12 and interest from November 9th 1869.