| 88 | | 211 |
|---|---|---|
| 24 | SC | 259 |

## Becket *versus* Uniontown Building and Loan Association.

Where it was manifestly the intention of the Court of Common Pleas in granting a charter to a building and loan association to incorporate it under the provisions of the act of April 12th 1859, it is not a valid objection thereto that the articles of association contain provisions not authorized by that act. If unauthorized provisions are added, all acts done in pursuance of such will be void, but until the corporation is proceeded against for an abuse of its franchises, its rights as a corporation will not be affected by such unauthorized powers, and in a scire facias to revive a judgment entered on a judgment-bond given by a stockholder to such an association, the validity of the charter cannot be questioned, and a defence cannot be made on the ground of an alleged conflict of some of its provisions with the general law.

November 22d 1878.　Before AGNEW, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ.　WOODWARD, J., absent.

Error to the Court of Common Pleas, of *Fayette county:* Of October and November Term 1878, No. 272.

Scire facias issued by the Uniontown Building and Loan Association against Samuel S. Becket, to revive a judgment confessed upon a judgment-bond given by defendant to said association.

---

¹ See Commonwealth ex rel. Chase *v.* Harding et al., 6 Norris 343, as to this question of jurisdiction.—REP.

[Becket *v.* Uniontown Building Association.]

Defendant filed an affidavit of defence to the whole of plaintiff's claim except $83.75 and interest, and afterwards pleaded payment and payment with leave, &c., and that the judgment was usurious.

The parties agreed to dispense with a trial by jury and submit the case to the decision of the court, under the Act of April 22d 1874.

The court, Stowe, P. J., of Court of Common Pleas, No. 1, of Allegheny county, holding a special court, found the facts as follows:

"Plaintiff was incorporated by the Court of Common Pleas of Fayette county, in 1870, as follows: 'And now, September 14th 1870, the articles of incorporation of the Uniontown Building and Loan Association having been filed, &c., and due notice thereof having been given, it is hereby ordered and decreed that the persons associated under said articles shall become and be a body corporate in law.' This follows order to record, &c. The petition was signed by nineteen citizens. Defendant became the owner of five shares of stock, and a member of the association. At a regular meeting held in pursuance of the by-laws and charter, $1000 was offered for sale to the members, and defendant bid forty-one cents premium, and being the highest bidder, became entitled to the loan at that price, which gave him $590 in cash, he giving security in $1000. He took the $590 and gave his judgment-bond in accordance with the regulations of the association, and judgment was confessed thereon, December 4th 1871, and this scire facias is issued to revive it. The defendant paid from time to time after the loan was taken, and the judgment entered up to 28th of November 1874, was for the sum of $418, of which $258 was on account of stock, and $160 on account of loan. Fines were duly charged against him for default of payment on stock and loan computed up to and including April 1878, $67.75; to December 1876, $51.75. [The defendant had paid up to 28th of October 1871, the time of loan, $108, which was for stock and fines, or stock alone, the evidence does not show which, but which fact we consider immaterial in this case.] His last payment to plaintiff was 28th of November 1874. The plaintiff claims $1000, with interest to date, crediting $160, the amount paid on loan, with the fines properly recoverable, and five per cent. attorney's fee. And this he is entitled to recover unless the claim of usury is sustained. We are of the opinion that the plaintiff was incorporated under the Act of 12th of April 1859, which allows any amount of interest to be taken without becoming usurious, and the defence fails upon that ground, and therefore plaintiff is entitled to have judgment for $1000, with interest, less $160, the amount paid, the amount of fines properly collectable, and five per cent. attorney's fees for collection. Evidence was given of fines assessed to December 1876, $51.75, and to and including April 1878, $67.75. It seems to me that neither is the proper period, but that there should be no fines on either stock or loan allowed, after the period when plaintiff was

[Becket *v.* Uniontown Building Association.]

entitled to sue for the whole unpaid balance of loan and unpaid balances of stock subscription, that is six months from the last payment made by defendant on his stock or loan, to wit: six months after the 28th of November 1874. My reason for this view is this: 'By-Law' No. 7, entitled Borrowing Stockholders, and subject to which this loan is specially taken, provides, when default in payment of stock or interest or either has continued for six months, credit on the obligation shall cease, and the whole amount become due and payable, and legal proceedings shall at once be commenced to enforce payment of the obligation, fines, indebtedness and all other charges.

" This I take it, ended the right of plaintiff to charge any fines after such time, and thereupon the defendant was fixed for the sum then due under letter of the bond, but not beyond it (unless by his own act, which is not pretended here), except for such interest at six per cent. as might accrue on that amount up to time of payment.

" Upon this basis we find for plaintiff and against defendant for $1000, and interest to May 28th 1875, deducting the payment of $160, and proper allowance for interest on it would be about $1045, to which add fines for six months, $6, and interest on $1000 to date, viz.: $170.50, and the gross amount appears to be as follows:

| | | | | |
|---|---|---|---|---|
| Debt and interest | . | . | . | $1224.50 |
| Fines | . | . | . | 6.00 |
| | | | | $1230.50 |
| Five per cent, attorney's commission | . | | | 61.50 |
| Whole amount | . | . | . | $1292.00 |

" Which sum we are of the opinion plaintiff is entitled to recover in this suit."

In an opinion the court said:

"The validity of the charter of plaintiff cannot be questioned in this proceeding. That the court intended to grant the charter under and in accordance with the provisions of the Act of 12th of April 1859, I think sufficiently appears, not only from the fact that the association in the order of the court is termed a building and loan association, but also from the general provisions contained in the articles. It is true that the charter contains a provision not authorized by this act, but throwing that aside, I find nothing absolutely inconsistent or in conflict with it.

"No term is fixed for the duration of the association, but this alone I think amounts to nothing, as the law limits its duration to twenty years, and therefore it cannot exist beyond that period.

"If under article 9 the charter was terminated before that period, as it might possibly be, the end has come consistent with the act. If that article does not terminate it before, the law steps in

[Becket *v.* Uniontown Building Association.]

and ends the corporate existence at that time, and there is nothing in the charter indicating a contrary intent.

"The provision that under certain circumstances money may be loaned to others than members is certainly · not within the provisions or powers of the Act of 1859, and therefore as against such the association could not recover more than six per cent. interest, but this certainly does affect the right to recover more as against a member.

"I think the law to be clear, that in corporations formed under the general laws, it is no objection that the articles of association contain provisions not authorized by the act. If unauthorized provisions are added, all acts done in pursuance of such will be void, but until the corporation is proceeded against for an abuse of its franchises, its rights as a corporation will not be affected by such unauthorized powers. Such, too, has been expressly stated in New York, in Eastern Plank-road Co. *v.* Vaughan, 14 N. Y. 546. The case of Rhoads *v.* Hoernerstown Building and Loan Association, 1 Norris 180, does not seem to me to cover this case. Whatever else appears in that case, the controlling idea was that the court that granted the charter then, could not and did not intend to charter it under the Act of 1859, because it had no authority under the petition to do so, and further, because the provisions of the charter were such as also to rebut any such intention.

"Here the jurisdiction of the court under the Act of 1859 was clear, and I find nothing to the contrary indicated by anything in the charter, and much that leads me to the conviction that the purpose of the court was to incorporate an association under the Act of 1859, having all the powers of what are ordinarily termed building and loan associations incorporate under that act.

"And now, July 10th 1878, exceptions having been filed in the above stated case, and the argument thereof having been waived by counsel, it is ordered and directed that judgment be entered, according to the decision heretofore made in favor of plaintiff, for $1292."

The defendant filed the following exceptions:

1. The court erred in finding that the plaintiff was a building and loan association under the Act of 1859, and had a right to recover in this case.

2. In finding for the plaintiff any amount except the difference between the amount of money received by defendant, and the amount paid back by him, with legal interest thereon.

3. In allowing the plaintiff's claim of $1000, with interest to date, and in their calculation thereon.

The court overruled these exceptions, and the defendant took this writ assigning this action for error.

*D. Kaine,* for plaintiff in error.—Had this association any

[Becket *v*. Uniontown Building Association.]

corporate rights under the Act of 1859? It was to be known as the Uniontown Building and Loan Association. "The object of this association shall be the accumulation of money to be loaned among its members for the purchase of houses or lands, or for building and repairing the same, and for acquiring homesteads." The first section of the Act of 1859 provides that no charter granted under the provisions of this act shall be for a longer period than twenty years. This association has no provision of that kind, and is unlimited in duration. The first section of the second article of this association provides, "that any member wishing to withdraw from the association, shall be entitled to receive from the treasurer the amount he has paid in as dues, first deducting his fines, if any, and his proportion of the expenses and losses that the association may have sustained during his membership, and provided that he gives at least two weeks' notice to the board of directors of his intention to withdraw." The second section of the Act of 1859 provides: "Any stockholder wishing to withdraw from the said corporation, shall have power to do so, by giving thirty days' notice of his or her intention to withdraw, when he or she shall be entitled to receive the amount paid in by him or her, and such proportion of the profits as the by-laws may determine, less all fines or other charges." The first section of the eighth article of this association provides: "Any member who shall fail to pay his dues and interest, if any, shall pay a fine of ten cents in each case for each and every share for every regular meeting so failing, and when the amount of such fines and dues shall equal the amount he has paid in on such share or shares, shall be forfeited to the association."

The act of 1859 authorizes nothing of this kind, and it has no authority to support it. No reference is made to Act of 1859, in petition for charter, decree of incorporation or charter itself. To possess the powers claimed, it must have been affirmatively shown therein: Rhoads *v*. Hoernerstown Building and Savings Association, 1 Norris 180.

*Wm. H. Playford*, for defendant in error.—In Rhoads *v*. Hoernerstown Building and Savings Association, *supra*, the charter of the incorporation was obtained upon a petition signed by three persons only, while the Act of Assembly requires three or more, and this was the controlling fact in determining that case. Besides many of the provisions of that charter were in conflict with the Act of 1859. There is a provision in this charter going further than the Act of 1859; that is the power to loan money to parties not stockholders. The object of the association was to loan money, and a provision going further than the Act of Assembly in that direction could not avoid acts clearly within its power. This is a contest between a stockholder and the association, not an outside borrower.

[Becket *v.* Uniontown Building Association.]

Being a borrowing stockholder, the plaintiff cannot avail himself of the plea that his contract was usurious: Juniata Building and Loan Association *v.* Mixell et ux., 3 Norris 313; Wolbach et ux. *v.* Lehigh Building and Loan Association, Id. 211.

Nor was Becket's bargain a hard one. If he had lived up to his contract, in the end the amount paid by him would have been little in excess of six per cent. upon the $590 received by him in 1871, in addition to the principal sum. His stock has not been forfeited, and when that is done whatever it is worth will be credited on the judgment against him.

Mr. Justice SHARSWOOD delivered the opinion of the court January 6th 1879.

A building and loan association, organized under the Act of Assembly of April 12th 1859, Pamph. L. 544, is a species of partnership for dealing in money. The borrower has often to pay very large interest, and if he fails so as not eventually to secure the advantages of his contract, it seems very hard, even cruel, to exact so heavy a forfeiture. Yet he became a member of the association in view of the large profits expected to accrue from these heavy discounts to the common fund. Had he continued to pay, when the association wound up he would have received his full share of his own discount as well as those of others. It would require $5 per annum to pay off $100 in twenty years, and the interest during the same period, crediting each payment on the principal, would be $77. Our building associations often wind up in six or eight years, that is their common fund becomes equal to $200 a share, to be distributed to the members or applied in discharge of their loans. Thus it will be seen that the borrower at usury is himself also a lender at usury, and if he can, by economy and self-denial, manage to make his payments, is sure to come out in the end a large gainer. It would be very unjust to those who thus make their payments regularly, if the court, from sympathy for those who have fallen behindhand, should refuse to enforce the obligations. Thousands of these associations have been organized and been wound up without their names ever appearing on the docket of the court, and millions of dollars have been accumulated from the savings of scanty wages. However it may be elsewhere, Philadelphia has become emphatically a city of comfortable homes for the poor by means of these organizations. The question in this case was submitted to the learned judge below under the Act of 1874, without the intervention of the jury. He has reported the facts with his opinion, and we affirm the judgment for the reasons he has stated.

Judgment affirmed.