# Land Title and Trust Company, Appellant, *v.* Fulmer (No. 1).

*Building and loan association—Foreign corporation—Contract—Conflict of laws—Interest—Usury.*

Where a Pennsylvania corporation acting as a trustee for a foreign building and loan association, lends money to a citizen of Pennsylvania on a bond secured by a mortgage on land situated in Pennsylvania, and also secured by an assignment of shares of the stock of the foreign corporation, the contract is a Pennsylvania contract, and the rights which arise out of it are to be determined in accordance with the laws of this state. In such a case a foreign corporation can only recover the amount actually loaned with legal interest. Interest in excess of the legal rate permitted by its own by-laws, or permitted to Pennsylvania corporations by the Act of April 29, 1874, P. L. 73, sec. 37, cannot be collected.

Powers and immunities granted to building and loan associations incorporated under the Act of April 29, 1874, P. L. 73, sec. 37, and the supplements thereto do not extend to corporations not chartered under that legislation, and managed and controlled in accordance with its provisions.

*Mortgage—Scire facias—Proceeding in rem—Execution—Certificate for defendant.*

On a scire facias sur mortgage, a certificate in favor of the defendant cannot be properly entered. If it has been entered, the Supreme Court will set it aside while sustaining the judgment in favor of the defendant.

Argued May 5, 1903. Appeal, No. 95, April T., 1903, by defendant, from judgment of C. P. No. 1, Allegheny Co., June Term, 1901, No. 413, for defendant on case tried by the court without a jury in suit of the Land Title & Trust Company of Philadelphia, Trustee of the Loan Fund of the Mutual Guarantee Building & Loan Association of New Jersey, now for use of Mutual Guarantee, Building & Loan Association v. Elmer E. Fulmer. Before RICE, P. J., BEAVER, ORLADY, W. D. PORTER and MORRISON, JJ. Affirmed.

Scire facias sur mortgage. Before STOWE, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant with certificate in his favor of $519.45.

*J. McF. Carpenter* and *George N. Chalfant*, for appellant.— A corporation created in another state may upon principles of

comity exercise within this state the powers conferred by its charter, if not inconsistent with the law or against the public policy of this state: Freie v. No. 4 Fidelity, B. & S. Union, 166 Ill. 128 (46 N. E. Repr. 784); Pembina Consol. Silver Mining & Milling Co. v. Pennsylvania, 125 U. S. 181 (8 Sup. Ct. Rep. 737); Am. & F. Christian Union v. Yount, 101 U. S. 352; Bennett v. Eastern B. & L. Assn., 177 Pa. 233; Peoples B. & L. S. Assn. v. Berlin, 201 Pa. 1.

The dual relation which defendant bears to the association, if kept in mind, solves the problem before the court: Southern Bldg. & Loan Assn. v. Annistom Loan & Trust Co., 101 Alabama, 582 (15 So. Repr. 123); Christian's App., 102 Pa. 184; Becket v. Uniontown B. & L. Assn., 88 Pa. 211.

Defendant had no right to a certificate: 2 Hilliard on Mortgages, p. 181; White v. Williams, 3 N. J. Eq. 376; Bayne v. Gaylord, 3 Watts, 301; Bird v. Gill, 78 Mass. 60.

*E. E. Fulmer*, with him *Joseph R. McQuaide*, for appellee.— Usurious interest paid upon a mortgage may be applied in discharge, pro tanto, of the principal debt: Reap v. Battle, 155 Pa. 265; Philanthrophic B. & L. Assn. v. McKnight, 35 Pa. 470.

The right to set-off in an action in rem is well established in Pennsylvania: Ryan v. Casey, 1 Pearson, 153; Carmalt v. Post, 8 Watts, 406.

OPINION BY W. D. PORTER, J., March 14, 1904:

The Mutual Guarantee Building and Loan Association is a corporation of the state of New Jersey, and had prior to the transactions out of which this litigation arose established an office in the city of Philadelphia and obtained a certificate of registration authorizing it to do business in the State of Pennsylvania, under the provisions of the act of April 22, 1874, relating to foreign corporations. The Land Title and Trust company is a corporation of the state of Pennsylvania, having its offices in the city of Philadelphia. The latter corporation, acting as trustee for the former, loaned to the defendant the sum of $3,000; as security for which debt the defendant executed and delivered to said trustee his bond and mortgage, in said sum, and assigned to said trustee thirty shares of the stock of

the New Jersey corporation. The land mortgaged was situated in the county of Allegheny, Pennsylvania, and under. the provisions thereof, the contract was to be performed and the loan paid in this state, of which both mortgagee and mortgagor were citizens. This was a Pennsylvania contract and the rights which arose out of it are to by determined in accordance with the laws of this state: Bennett v. Eastern Building & Loan Association, 177 Pa. 233; Beso v. Eastern Building & Loan Association, 16 Pa. Superior Ct. 222.

The plaintiff issued a writ of scire facias upon this mortgage; the parties agreed to dispense with trial by jury and the case was tried and determined by the judge of the court below, under the provisions of the Act of April 22, 1874, P. L. 109. The learned judge of the court below, after hearing the evidence, certified a balance in favor of the defendant in the sum of $519.45, from which finding we have this appeal. The mortgagee asserted the right to collect the fines and premiums which the charter of the New Jersey corporation and the laws of that state authorize. It is further contended on behalf of the plaintiff that the court was without authority to certify a balance in favor of the defendant in this proceeding.

The powers and immunities granted to building and loan associations incorporated under the Act of April 29, 1874, P. L. 73, section 37, and the several supplements thereto, do not extend to corporations not chartered under that legislation and managed and controlled in accordance with its provisions. The premiums, fines, and interest on such premiums accruing to said corporation, which the statute declares shall not be deemed usurious, are those which accrue "according to the provision of this act." The legislation was intended to regulate the dealings between a domestic corporation and its members, and not between it and those who were not members. When such a corporation loans money to a person who is not a member, it can recover only the amount actually loaned with legal interest: Wolbach v. The Lehigh Building Association, 84 Pa. 211. An unincorporated building association cannot recover more than the amount actually loaned to its members and legal interest: Jarrett v. Cope, 68 Pa. 67. The benefits of the legislation regulating the affairs of such associations accrue only to those which are incorporated under and

subject to its provisions : Rhoads v. Hornerstown Building & Savings Association, 82 Pa. 180; Becket v. Uniontown Building & Loan Association, 88 Pa. 211. Even assuming that a corporation is entitled to the benefits of this legislation, in order to derive any advantages therefrom it must proceed in the manner directed by the statutes. The only ground upon which it can claim exemption from the law prohibiting the taking of a greater rate of interest upon the loan of money than six per cent is that it has complied with the provisions of the statute which conferred upon it a special privilege. This makes an exception in their case from the general law of the state, and they must bring themselves within the exception. In order to save the premium from the taint of usury, the money "shall be offered for loan in open meeting, and the stockholder who shall bid the highest premium for the preference or priority of loan shall be entitled to receive a loan of not more than the amount fixed by charter as the full value of a share, for each share of stock held by such stockholder." The plaintiff association had adopted this by-law, to wit: "The funds of this association shall be loaned on first mortgage and approved real estate security, and at a premium of not less than thirty-seven and a half cents per share, which premium shall be paid monthly." This by-law manifestly had its effect upon the terms of the mortgage upon which this writ issued, for the condition recited requires the defendant to pay the amount of his loan, with lawful interest on the same, all fines incurred, "and the sum of thirty-seven and a half cents per share as and for a monthly premium on each share borrowed upon." The corporation had fixed a minimum rate of premium below which its funds would not be loaned, and had exacted that rate of the defendant. This would be a gross perversion of the whole spirit and design of the Pennsylvania statute. Even if it were to be assumed that this foreign corporation is entitled to all the rights and privileges of an association chartered under the provisions of our own statutes, this premium cannot be sustained: Stiles's Appeal, 95 Pa. 122. The claim of the plaintiff offended against the law of Pennsylvania in another respect. The Act of April 10, 1879, P. L. 16, section 6, limits the amount of fines or penalties to be imposed by such corporations for the nonpayment of dues, interest and premiums,

to two per cent per month on all arrearages. The by-laws of this association fix the rate of such fines at "five per cent per month on all amounts in arrears." Had this been a Pennsylvania corporation, this by-law would have been void, and nothing could have been collected under it: Lynn v. Freemansburg Building & Loan Association, 117 Pa. 1. The learned judge of the court below committed no error in holding that the recovery of the plaintiff must be limited to the amount actually loaned with interest thereon at the rate of six per cent per annum. The first, second, third and fourth specifications of error are dismissed.

This was a proceeding in rem and the learned judge of the court below found and certified a balance in favor of the defendant, upon which, under the provisions of the Act of April 11, 1848, P. L. 536, the defendant is "entitled to judgment and execution, in like manner as if the verdict were in favor of the plaintiff." The only execution which the plaintiff could have issued, had it obtained a judgment, would have been a writ for the sale of the land. Of what avail would such an execution be to this defendant, he could not sell his own land. The weight of authority seems to be against the granting of a certificate to the defendant in a proceeding of this nature: Bayne v. Gaylord, 3 Watts, 301; Hunt v. Gilmore, 59 Pa. 450. We must hold the certificate to be irregular, and while, following the practice established by the Supreme Court in Bayne v. Gaylord, supra, sustaining the judgment in favor of the defendant, set the certificate aside.

The judgment is affirmed, and the certificate of a balance in favor of the defendant quashed.