# Commonwealth *v.* Young, Appellant.

*Constitutional law—License for money lenders—Police power—Act of June 5, 1913, P. L. 429—Title of act—Special legislation.*

The Act of June 5, 1913, P. L. 429, entitled, "An Act regulating the making of certain loans, limiting the charges therefor, requiring and regulating the licensing of lenders, fixing the fee therefor, and prescribing penalties for violation of this act," is sufficient in title, is a proper exercise of the police power, is not special legislation, and does not violate any provisions of the constitution of Pennsylvania.

Argued April 15, 1914. Appeal, No. 93, April T., 1914, by defendant, from judgment of Q. S. Allegheny Co., June Sessions, 1913, No. 280, on verdict of guilty in case of Commonwealth v. George F. Young. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Indictment for violating the Act of June 5, 1913, P. L. 429.

At the trial the jury returned a verdict of guilty.

The defendant moved to arrest the judgment for the following reason:

The act of June 5, 1913 (285) under which the indictment in this case is found, is unconstitutional on the following grounds:

(a) The title is defective in that the act contains more than one subject, to-wit: (1) Regulating the making of certain loans which is clearly expressed in the title, (2) limiting and restricting the act as to aliens, (3) providing for the assignment of money to be received in the future, and (4) providing for the taking of usury; the title offends against art. 3, sec. 3, of the constitution of Pennsylvania.

(b) The act violates art. 8 of the federal constitution in providing an unusual punishment; any person convicted of one of the crimes enumerated in sec. 1, subhead f is, in addition to the punishment laid down for the crime, rendered ineligible to engage in a lawful occupation or business.

(c) The act violates art. 1, sec. 17, of the constitution of Pennsylvania in providing an "ex post facto" punishment for persons convicted of the crimes enumerated in sec. 1, sub-head f.

(d) The act is special legislation and is void for want of notice as provided in art. 3, sec. 8, of the constitution of Pennsylvania.

(e) The act is special legislation in that sec. 6 fixes the rate of interest in excess of six per cent per annum and violates art. 3, sec. 7, of the constitution of Pennsylvania.

(f) The act is special legislation in that it grants special privileges to its licensees, and special immunities to the classes mentioned in sec. 7, to wit, banks, trust companies, building associations or pawnbrokers.

(g) The act is not a police regulation but a trade or

business regulation in excluding from its operation the classes mentioned in sec. 7.

(h) The act (sec. 1) grants to any corporation, regardless of the extent of its corporate powers, the right to loan money.

(i) The Act of May 28, 1858, P. L. 622, sec. 2, limits the bringing of an action for the recovery of excess interest to six months, while this act makes the limitation two years, and is in violation of the fourteenth amendment to the federal constitution.

*Error assigned* was in refusing to arrest the judgment, and in passing sentence on the verdict.

*John C. Bane*, with him *Harry J. Nesbit* and *Prestley & Nesbit*, for appellant.—All classification in Pennsylvania, for the purpose of legislating for one class separately, is essentially unconstitutional: Wheeler v. Philadelphia, 77 Pa. 338; Ayars' App., 122 Pa. 266; Com. to use v. Clark, 195 Pa. 634; Safe Deposit & Trust Co. v. Fricke, 152 Pa. 231; Weinman v. Wilkinsburg & E. L. Pass. Ry. Co., 118 Pa. 192.

This act is not an exercise of police power: Powell v. Com., 114 Pa. 265; Sayre Borough v. Phillips, 148 Pa. 482; Com. v. Zacharias, 181 Pa. 126.

This act fixes the rate of interest: Fitzsimons v. Baum, 44 Pa. 32.

*R. M. Gibson*, assistant district attorney, with him *R. H. Jackson*, district attorney, for appellee, cited: Jefferson Credit Co.'s License, 18 Pa. Dist. Rep. 634; Com. v. Sharon Coal Co., Ltd., 164 Pa. 284; Com. v. Beatty, 15 Pa. Superior Ct. 5; Com. v. Muir, 1 Pa. Superior Ct. 578; Com. v. Pflaum, 50 Pa. Superior Ct. 55; Com. v. Mintz, 19 Pa. Superior Ct. 283; Oil City v. Oil City Trust Co., 151 Pa. 454.

OPINION BY HENDERSON, J., July 15, 1914:

The appellant relies for his defense on the uncon-

stitutionality of the Act of June 5, 1913, P. L. 429, under which he was convicted of lending money at a greater than the lawful rate of interest without having received a license to lend money at interest and charge for the loan thereof a brokerage and examination fee in addition to interest at six per cent per annum. It is not denied that the regulation of interest on loans is a proper subject of legislative action. It has been a matter of governmental control for centuries, and interest in excess of that allowed by law has been regarded as usurious. The exacting of usury was an offense at common law and is generally prohibited as unconscionable in civilized governments. That it is properly subject to the police power of the state cannot be doubted: Munn v. Illinois, 94 U. S. 113; State v. Griffith, 83 Conn. 1; Iowa S. Association v. Heidt, 107 Ia. 297. This power as was said by Chief Justice TANEY in License Cases, 5 Howard, 583, and reaffirmed in Munn v. Illinois, supra, is nothing more nor less than the powers of government inherent in every sovereignty,—that is to say, the power to govern men and things. That it extends to the protection of the life, health and property of the citizens and to the preservation of good order and the general welfare is an elementary declaration of the law. It is a power as to which the constitution of the state forbids that it shall be abridged. The public welfare is to be secured and protected by its exercise in such manner as the legislative discretion may provide. This has been done in numerous instances by the classification of persons and things to the end that the remedy may be applied to the particular act or condition intended to be prohibited or regulated. Statutes governing lodging houses, forbidding peddling without a license and regulating of junk-shop keepers and secondhand dealers in the cities of the state are familiar illustrations of such classification. The right to classify for purposes of taxation, particularly for license taxation, is not now open to debate. It is essential that the tax applicable

to each class, shall be levied alike on all the members of that class, but the constitutionality of such classification has been firmly settled: Com. v. Brinton, 132 Pa. 69; Oil City v. Oil City Trust Co., 151 Pa. 454; Com. v. Sharon Coal Co., 164 Pa. 284; Com. v. Muir, 1 Pa. Super. Ct. 578; Com. v. Pflaum, 236 Pa. 294; Com. v. Mintz, 19 Pa. Super. Ct. 283. It was said in Oil City v. Trust Co., supra, "What business or occupations so far affect the public welfare and good order as to require to be licensed, is a matter of legislative consideration and control, which when exercised in good faith are outside of the jurisdiction of the courts." This goes to the root of the present contention. It is a recognition of the supreme authority of the legislature to regulate a business for the promotion of the public welfare where such regulation is made in good faith. The object of the statute under consideration is obvious. It was intended to apply to that considerable class of persons engaged in the business of lending small sums of money to individuals pressed by lack of funds to meet immediate necessities of whose necessities the lender takes advantage by exacting rates of interest in many instances largely exceeding that permitted by law and frequently amounting to extortion. The exemption of banks, trust companies, building associations and pawnbrokers from its operation doubtless arose out of the fact that the business of these institutions and persons is already regulated by law and in the case of banks, trust companies and building associations the character of their business and the method of carrying it on is such as to distinguish them from the corporations and persons, to whom this statute was intended to apply. We cannot regard it as a local or special law or as one granting any special or exclusive privilege to any corporation, association or individual. It is legislation classifying a special and extensive business and subjecting it to reasonable regulation and control in the interest of borrowers who are liable to be imposed on by unscrupulous lenders.

The act applies to the whole class and is in its nature and objects of like character with numerous other statutes to which reference has been or might be made.

If a general law it is not subject to the criticism that it is a special law fixing the rate of interest. The laws regulating building and loan associations and pawnbrokers have permitted an additional charge to a limited amount above the lawful rate of interest to cover expenses incident to the business and such charges have been sustained as legal: Jarrett's Ex. v. Cope, 68 Pa. 67; Becket v. Uniontown Building & Loan Asso., 88 Pa. 211.

It is unnecessary to cite authorities in support of the sufficiency of the title to the act. It need not be a digest of the statute but is sufficient if it describes the general subject in such terms as would lead an inquirer to an examination of the text of the statute. It relates to the making of loans, to the licensing of lenders, to the fixing of the fee for a loan and prescribing penalties for the violation of the act. There need be no difficulty in learning from the suggestion of this title that it covers the subject of charges for loans and that a penalty is imposed for violating its provisions.

It is unnecessary to now decide whether the brokerage and examination fee allowed by the second section of the act is interest and that a favored class is thereby created. It is valid to the extent of authorizing the lender to collect the legal rate of interest, and the integrity of the statute as a whole is not affected by this question.

All presumptions are in favor of the constitutionality of an act of assembly, and in a case involving the classification of subjects under the police power of the commonwealth it is settled law that the courts will look beyond the mere form of the act and examine its true intent and effect in the light of the constitutional restrictions. We have examined all of the objections presented by the learned counsel in the able argument submitted,

but are not convinced that they are sufficient to justify the conclusion that the enactment is not within the constitutional authority of the legislature.

The judgment is affirmed at the cost of the appellant.