## York City, to use, *v.* Miller, Appellant.

*Municipal liens—Notice of intention to file lien—Failure to give notice—Pleadings—Evidence—Act of June 4, 1901, P. L. 364.*

On the trial of a scire facias sur municipal lien, it is reversible error for the court to refuse to permit the defendant to show that he had not been served by the use-plaintiff with notice of an intent to file the lien as provided by Section 9 of the Act of June 4,

Syllabus—Statement of Facts.    [60 Pa. Superior Ct.

1901, P. L. 364, because the defendant had raised no question as to lack of notice in his affidavit of defense, or by demurrer or motion to strike off the lien. The act does not require the notice to be averred in the lien. As to matters not alleged in the lien the defendant is not limited to the defense set forth in his affidavit.

In an action by a use-plaintiff to enforce a municipal lien for paving, the defendant may show that the improvement was negligently made, and not completed, and that by such failure to complete the defendant suffered damages.

In such a suit the defendant may set off money which the use-plaintiff owed him for stone purchased and delivered.

Argued March 9, 1915.    Appeal, No. 6, March T., 1915, by defendant, from judgment of C. P. York Co., Jan. T., 1912, No. 125, on verdict for plaintiff in case of City of York to use of A. B. Kraft v. Charles E. Miller. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.    Reversed.

Scire facias sur municipal lien for paving.    Before Ross, J.

At the trial when the defendant was on the stand the following offer was made:

Mr. Glessner. We propose to show by the witness on the stand that in December, 1911, and before that time, he was residing in the City of York, Pennsylvania; that A. B. Kraft, the use-plaintiff, did not give him a written notice that he should pay the bill for this paving, and that he intended to file a lien for the same. This for the purpose of showing noncompliance with the act of assembly by Mr. Kraft in filing that lien; as a part of the res gestæ in this case on the part of the defendant.

Mr. Rouse. The offer is objected to, for the reason that the objection comes too late; that the defendant can not now take advantage of any lack of notice of the intention to file a lien; that he has waived any right which he might have had to stay this proceeding by filing an affidavit of defense to the scire facias upon the merits

of the claim.   That the offer is irrelevant and immaterial, and not evidence for any purpose.

The Court. Do you want to be heard, Mr. Glessner?

Mr. Glessner. No. sir.   I think this is simply a step in our proceedings that we must show.

The Court. And one of the crucial tests?

Mr. Glessner. Yes, sir, one of the crucial tests.

The Court. We think, under the ruling of the appellate courts, the objection must be sustained, and we seal an exception for the defendant.   (2)

Mr. Glessner.   We propose to show by the witness on the stand that the contractor, A. B. Kraft, the use-plaintiff in this case, so negligently constructed the pavement at the northern end of the pavement on South Queen street, by failing to complete the whole of the pavement, along the line of Mr. Miller's property, whereby he left a depression, and the looseness of the ground, in such a condition that water collected in the alleyway, and along the edge of this pavement, and percolated into the cellars of Mr. Miller's building, flooding the cellars, and that Mr. Miller was afterwards compelled to relay the part of the alleyway that had not been laid by the plaintiff in order to relieve his tenants and to protect his buildings.   This for the purpose of showing the negligent construction by the plaintiff, and to affect his right to recover in this case.

Mr. Rouse. This offer is objected to as irrelevant in this proceeding; that it does not tend to show that the pavement as laid by the plaintiff was negligently laid; the question going to that of grade; and can not be shown as a set-off to the claim of the plaintiff for the work done, it being in evidence that Kraft laid the pavement according to the lines and grades given him by the city authorities.   The action, if any, for the completion of the walk at the line in question should be against the city, and in another proceeding.

The Court. We think the question is very clear.

Mr. Glessner. This is not for the purpose of collect-

ing the damages from the city, but to affect the right of the plaintiff to recover.

The Court. We sustain the objection, and seal an exception for the defendant.    (3)

Mr. Glessner. We propose to show by the witness on the stand that at the time the liens and affidavits were filed in this case there was due and owing from A. B. Kraft to Charles E. Miller the sum of $254.60.   For the purpose of using said amount as a set-off in this case.

The Court. What was the nature of the debt?

Mr. Glessner. For stone purchased by Mr. Kraft from Mr. Miller.

The Court. Under an admitted contract?

Mr. Glessner. Yes, sir.   There may be only a question about the amount.   (Discussion and argument.)

The Court. Unquestionably it could be admitted if the contract were not as it is.

Mr. Rouse. We admit that we owe this man this money and we offered to set it off against this claim.

The Court. Do you mean the city?

Mr. Rouse. No; Kraft.   We attempted to set it off and he has refused to accept it.   We are willing to enter into that question of set-off, provided we have a right to show the facts of the offer and willingness to pay.

The Court. You admit that Kraft, the agent of the city does owe that?

Mr. Rouse. We admit that there is a debt owing Miller.

The Court. We are not clear that we should admit it, even if you do not object to it.    (Discussion.)

The Court. The notice was from the engineer?

Mr. Rouse. And the highway committee of the city.

The Court. At present we are inclined to overrule the offer, and reserve the right to review upon the whole evidence on a motion non obstante veredicto; and we seal an exception for the defense.    (8)

Verdict and judgment for plaintiff for $199.24.   Defendant appealed.

407, (1915).]   Assignment of Errors—Opinion of the Court.

*Errors assigned,* amongst others, were (2, 3, 8) rulings on evidence quoting the bill of exceptions and (9) in refusing to enter judgment for defendant n. o. v.

*James G. Glessner,* for appellant.—It was practically conceded on the trial of this case, that no notice such as required by the act aforesaid was given to defendant before the filing of the lien by the use-plaintiff.   The lien filed contained every detail of Section 11, Act of June 4, 1911, P. L. 364.   The defendant therefore was in no position to strike off the lien: Allentown, to use, v. Ackerman, 37 Pa. Superior Ct. 363.

The right of a use-plaintiff to file a lien as in this case is purely statutory.   The provisions of the statute are mandatory and compliance of them is a condition precedent to the right to file the lien: Tenth National Bank v. Smith Construction Co., 218 Pa. 581; Wolf Co. v. Penna. R. R., 29 Pa. Superior Ct. 439; Carick v. Canevin, 243 Pa. 283.

It was clear error on the part of the court to refuse the defendant the right to show the negligent manner, or in other words, the quality of the work done by the plaintiff: Philadelphia, to use, Appellant, v. Bilyeu, 47 Pa. Superior Ct. 148; Philadelphia v. Bilyeu, 36 Pa. Superior Ct. 562.

The right to set-off as against the use-plaintiff was determined in the case of Philadelphia, to use, v. Cloud, 4 W. N. C. 445.

*John L. Rouse,* for appellee, cited: Lee v. Burke, 66 Pa. 336; Lewis v. Morgan, 11 S. & R. 234; Klinefelter v. Baum, 172 Pa. 652; Tenth Nat. Bank v. Smith Construction Co., 218 Pa. 581; Bernheisel v. Smothers, 5 Pa. Superior Ct. 113.

OPINION BY TREXLER, J., July 21, 1915:

Section 9 of the Act of June 4, 1901, P. L. 364, provides in regard to municipal claims: "Where claims are

to be filed to use, the claimant, at least one month before
the claim is filed, shall serve a written notice of his in-
tention to file it unless the amount due is paid.    Service
of such notice may be made personally on the owner
wherever found; but if he cannot be served in the county
where the property is situated, such notice may be served
on his agent or the party in possession of the property,
and if there be no agent or party in possession, it may
be posted on the most public part of the property."    Sec-
tion 11 of said act specifies the several items which must
appear in the lien.    The notice required in the case
where there is a use-plaintiff is not included in the mat-
ters required to be referred to in the lien.    Section 20
of the act makes the lien when drawn in conformity to
the act conclusive evidence of the facts averred therein,
excepting in particulars in which these averments are
specifically denied in the affidavit of defense.

The defendant at the trial offered to prove that the
notice required by section 9 had not been given to him
by the use-plaintiff.    This offer the court rejected.    At
the conclusions of the testimony, the defendant asked for
binding instructions in his favor because there was no
evidence in the case that the use-plaintiff served a writ-
ten notice on the owner at least one month before the
claim was filed, or his intention to file the lien in ques-
tion, unless the amount due was paid.    There had been
no proof that such notice had been served.    The court
declined to instruct the jury as requested.    The position
taken by the court was that the defendant, having filed
his affidavit of defense could not, now, take advantage
of any technical defense, but had to stand trial on the
merits, citing: Howell v. Philadelphia, 38 Pa. 471; Al-
lentown v. Ackerman, 37 Pa. Superior Ct. 363; Lybrandt
v. Eberly, 36 Pa. 347; Lewis v. Morgan, 11 S. & R. 234;
Scholl v. Gerhab, 93 Pa. 346; Lee v. Burke & Glass, 66
Pa. 336.

The regularity of the lien is a question of pleading and
the cases above cited undoubtedly show that any de-

ficiency as to the form of the lien or the insufficiency of
the averments therein contained must be taken advan-
tage of either by a demurrer or a motion to strike off.
Where a defendant goes to trial without objection to the
form of the lien, it is too late to enter the objection at
the trial. The point raised by the defendant is not, how-
ever, as to the regularity of the lien. The lien as filed
contained every essential statement required by the act.
A motion to strike off or a demurrer would have availed
the defendant nothing as there was no defect apparent
on the record. He could not demur to something that
was not on the record or to the absence of something
which was not required by the act to be set forth on the
record. It is only as to those facts which are averred
and are not traversed by the defendant that the latter is
bound. The case before us is distinguishable from that
of Allentown v. Ackerman, 37 Pa. Superior Ct. 363, and
the other cases referred to by the court in this one par-
ticular, namely, in all of these cases there was a defect
in the lien as filed and such a defect as to which a de-
murrer could have been filed. The defendant in his
affidavit of defense made no reference to a lack of notice
neither do we think he was required so to do. No aver-
ment in this regard was made or was required to be
made by the plaintiff, neither was the defendant confined
to the defense set forth in his affidavit. In the absence
of a rule of court, the affidavit of defense when it has pre-
vented a summary judgment, has performed its whole
office and is not before the court on the trial unless it is
put in evidence, as an admission against the party mak-
ing it: Flegal v. Hoover, 156 Pa. 276. The Act of 1901
does not change this rule, except as above noted, when
facts are averred in the lien and not denied in the affi-
davit of defense. As to matters not alleged in the lien,
the defendant is not limited to the defense set forth in
his affidavit. The giving of the notice by the use-plaintiff
to the owner of the property, although not required to
be set forth in the lien, is an essential prerequisite to the

filing of the lien. The defendant offered to prove failure of notice. Having assumed this burden and the court having declined to allow the proof, it would hardly be fair to the appellee, for us to assume that no notice had been given, but the case should be sent back in order that the presence or absence of notice may be ascertained by proof proper.

The third and fourth assignments of error relate to the court refusing defendant's offer to show the negligent construction of the pavement which was the basis of the city's lien. The defendant offered to prove that the improvement made by the use-plaintiff was negligently made and not completed and that by such failure to construct the pavement, the defendant suffered damages. Philadelphia v. Bilyeu, 47 Pa. Superior Ct. 148, seems to rule this point. It was there held, following Pepper v. Philadelphia, to use, 114 Pa. 96, that owners of land are entitled to have the contracts for municipal improvements which are paid for by assessments on their lands substantially performed. The specific injury, however, must relate to the portion charged against their respective properties. We think the defendant should have been allowed to prove that the work for which he was charged was not properly done.

The next and last question raised is as to set-off. The use-plaintiff owed defendant certain moneys for stone purchased of him. He was willing at the trial that the amount found to be due should be deducted from the claim, but the court, although the claim of set-off was not objected to, refused to admit it. The municipal claim being in rem and the counterclaim being personal, it might be argued that under the defalcation acts, the one could not be set off against the other, but the rule has been relaxed. As was said in Hilbert v. Lang, 165 Pa. 439, "In general, in order to support a set-off there must be cross demands between the same parties and in the same rights, such as would sustain mutual actions against each other, yet wherever there is the practica-

407, (1915).]          Opinion of the Court.

bility of avoiding circuity of action and needless costs, with safety and convenience to all parties, or where there is a special equity to be subserved and no superior equity of third parties will be injured, a set-off will be allowed upon equitable principles, though the case does not come within the language of the statute." Set-offs have been allowed in proceedings on mortgage and on mechanics' liens, but no certificate can be entered in defendant's favor in such cases: Land T. & T. Co. v. Fulmer, 24 Pa. Superior Ct. 256; Bayne v. Gaylord, 3 Watts 301; Pittsburgh v. McKnight, 91 Pa. 202.

The assignments of error are sustained, the judgment is reversed and a venire facias de novo awarded.