The opinion of the Court was delivered by
Gibson, C. J.
Though statutes of set-off are confessedly inapplicable to an avowry, it has been urged that it may be met by ^defalcation; and the argument implies a- distinction which I had not known before to be attempted. In our own statute the word set-off is not used at all; and it seems with reason, as defalcation, its synonyme, more accurately expresses the cutting of a smaller debt from a larger one before the residue is paid to the creditor. On the other hand, diminution of demand, by failure of consideration, stands not on extinction by cross demand, but on suspension of accretion by deficiency of enjoyment. Such was the ground of the decision in Heck v. Shener, and in Steigleman v. Jefferies ; and it was emphatically the long established principle that rent is the correlate of enjoyment, which reduced the quantum of it in Fairman v. Fluck. The principle is affirmed in Gilbert on Rents, 145, and fully developed in Clun’s Case, (10 Rep. 128,) where it is said that rent, being payable out of profits, grows not .due till they are taken; whence a consequence asserted there, that part eviction of the land by a stranger, is part suspension of the rent. And it has been held to follow from diminution of enjoyment without eviction ; as in Edwards v. Hetherington, (7 Dow. & Ryl. 117,) where disturbance from repairs, which deprived the tenant of his customers, was deemed a justifiable cause for quitting without notice; as was also the landlord’s neglect to repair, in Collins v. Barrow, (1 Moody & Rob. 110,) by reason of which the premises had become unsafe and unwholesome. It was, in fact, suspension, and not compensation, which reduced the rent in Fairman v. Fluck. The landlord has failed to make the premises as beneficial as he had contracted to do ; and the rent accrued in proportion to the difference. On that principle it follows in replevin, though it would not in covenant, that the deficiency of gross amount be distributed to the respective quarters in proportion to the deficiency of enjoyment in each. A quarter’s rent is a distinct duty for which debt would lie; and an avowry is as special as a declaration. Now where the avowry and distress are for the rent of a particular quarter, and the issue is on the quantum that accrued at the completion of it, the reduction *197 must necessarily be proportionate to the deficiency of enjoyment during the period. A demand on the ground of suspension for a period not embraced in the pleadings, could be enforced only by defalcating a matter foreign to the action ; and what principle of justice or convenience is there, to require that the tenant be suffered to throw a diminution for several quarters into a single one, which would not as imperatively require that he be- suffered to throw a diminution for several years into a single one ? Or why should there be sufferance at all ? When he has not paid the increment of a previous quarter, let him pay it, when demanded, and no more; but if he has voluntarily overpaid it, or suffered too much to be recovered of him, I know not how he may regain the excess unless by action of covenant. The direction, therefore, seems to have been peculiarly proper.
Judgment affirmed.
Cited by the Court, post 365.
3 ee also, 2 Wharton, 97 ; ante 153.