**PHILADELPHIA COUNTY.**

JULY TERM, 1881, No. 83.                    JANUARY 18TH, 1882.

## Allegaert *versus* Smart.

1. The breach of a covenant by the landlord not to rent other property in the neighborhood belonging to him for the same business as that of the tenant is not a forfeiture of the right to the rent.
2. The damages for such a breach of covenant cannot be set off in replevin.
3. The effect of the breach is that there should be a reduction of the amount of the rent proportioned over the whole period of the lease.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas No. 2 for the *County of Philadelphia.*

Replevin by Peter Allegaert against John Smart, landlord, and Thomas W. Sinnote, bailiff, upon a distress for rent.

The defendants made avowry, to which the plaintiff pleaded *rien en arrere*, and a special plea setting up a breach of covenant on the part of the defendant, on which the case was put at issue.

Upon the trial in the Court below, before FELL, J., the following facts appeared:

[Allegaert v. Smart.]

On the 31st day of August, 1875, Smart, through his agent, Samuel T. Fox, leased, under seal, to Allegaert the dwellings and stores Nos. 204, 206, 208, and over No. 208½ North Eighth Street, in the city of Philadelphia, for the term of five years, at the rent of $4250 per year, to be paid in monthly portions in advance. Smart was the owner of a number of properties on the west side of Eighth Street, extending from Race Street to Maple Street, and the lease provided, *inter alia*, " the said John Smart agrees not to rent any of the remaining stores from Race to Maple streets for the millinery business during the term of this lease."

Upon the 1st of October, 1879, a month's rent of $354.16 became due, and for this sum the defendant distrained. Allegaert did a large millinery business, and took in from $400 to $800 a day.

About August 20th, 1879, Fox, as agent for Smart, rented to David Hertzman a store on the west side of Eighth Street, adjoining that of Allegaert, and in it Hertzman carried on the millinery business until about October 22d, 1879. At that time Fox gave him $100 to surrender his lease. He did a small business, amounting to from $5 to $30 a day. His door was between Allegaert's window and his own, and the show-window of Allegaert's store appeared to belong to the store he occupied.

Counsel for plaintiff produced as a witness an employé of the plaintiff, and asked:

" Q. To what extent was Allegaert's business interfered with by Hertzman's store ?"

The question was objected to, and the objection sustained under exception.

Allegaert testified, *inter alia:*

" I would not have made the lease if he had not put that clause into it, not to rent the other stores for the millinery business. I could not answer what the difference in rental value between my store with Hertzman carrying on business next door and without him. I would not rent it at all without that clause."

The evidence for the defendant was substantially, that Smart was in ill health ; that his wife attended to his business ; that he did not know this store was rented for a millinery store ; that Hertzman's store was seven or eight feet wide by twelve long; that on learning of the mistake Fox paid Hertzman $100 to get out ; and that the rental value of Allegaert's store was not affected more than five dollars.

Smart said, *inter alia :* " I would not have had that clause against renting the other stores for the millinery business for ten thousand dollars."

[Allegaert *v.* Smart.]

Counsel for the plaintiff asked the Court to charge:

" That if the jury find that the Hertzman store was rented for the millinery business, and the millinery business was carried on in the store leased by Hertzman at the time of this distress, then the verdict should be for the plaintiff."

The Court refused this point, and charged the jury, *inter alia* :

" The lease to Mr. Hertzman was executed by Mr. Fox during the absence of Mr. Smart, and without his knowledge, and without knowledge upon the part of Mr. Fox at the time of the condition in Allegaert's lease.

" Although there was no bad faith on the part of Mr. Fox or Mr. Smart, the leasing of the adjoining store to Mr. Hertzman was a violation of the agreement previously made with Allegaert.

" [This, however, did not release Mr. Allegaert from the payment of rent. He could not remain and pay nothing, but he may be entitled to a reduction.]

" The measure of which reduction is the difference between the rental value of the premises occupied by Allegaert after Hertzman took possession of the store leased by him and the rent reserved by the lease."

Counsel for the plaintiff excepted to the charge and the refusal of the point.

Verdict for the defendant, rent in arrear $300 and value of goods $500, upon which judgment was subsequently entered.

The plaintiff then took out a writ of error, assigning as errors that part of the charge which is in brackets, the refusal of the point, and the exclusion of the testimony to which objection was made as above.

. *Theodore F. Jenkins*, for plaintiff in error.

The violation of the condition cannot be compensated for by damages, and would, on that account, be restrained in equity: Story's Equity Jurisprudence, sec. 722 a.

At law, the landlord is precluded from recovering his rent because he is a wrong-doer: Vaughan *v.* Blanchard, 1 Yeates, 175 ; McClurg *v.* Price, 9 P. F. Smith, 420 ; Taylor on Landlord and Tenant, sec. 380.

The interruption of the enjoyment of the privilege constitutes an eviction: Peck *v.* Hiler, 24 Barb., 178 ; Etheridge *v.* Osborn, 12 Wend., 529.

As to the measure of damages: Bitner *v.* Brough, 1 Jones, 127 ; Hoy *v.* Gronoble, 10 Casey, 9 ; Garsed *v.* Turner, 21 P. F. Smith, 56.

*William C. Hannis*, for defendant in error.

This case is governed by Obermyer *v.* Nichols, 6 Binn., 159; Fairman *v.* Fluck, 5 Watts, 516; and Prescott *v.* Otterstatter, 29 Smith, 462.

Where no bad faith is charged and it plainly appears that the breach of covenant was not wilful or intentional, it is analogous to the case of a partial eviction by title paramount, where, when the tenant remains in possession of part of the premises, he must pay a fair rental value of the premises actually occupied by him: Seabrook *v.* Moyer, 7 Norris, 417; Reed *v.* Ward, 10 Harris, 144; Linton *v.* Hart, 1 Casey, 193.

And even when the landlord is unable to deliver possession of all the premises demised by reason of the wrongful holding over of a former tenant; yet if part be accepted and used and enjoyed, the tenant must pay a fair rental value for the part so used and occupied: Smart *v.* Allegaert, 8 W. N. C., 217; affirmed by the Supreme Court, 10 W. N. C., 29.

That the Court below was correct as to the measure of damage is abundantly shown by the cases of Schuylkill Nav. Co. *v.* Thoburn, 7 S. & R., 411; Fairman *v.* Fluck, 5 W., 516; Prescott *v.* Otterstatter, 29 Smith, 462; Smart *v.* Allegaert, 8 W. N. C., 217.

JANUARY 30TH, 1882.—PER CURIAM: The charge in the matters complained of and the rejection of the evidence offered were entirely right. The breach of the covenant by the landlord was certainly no forfeiture of the right to the rent. Nor could the damages be set off in replevin. The only effect, according to Fairman *v.* Fluck, 5 Watts, 516; Warner *v.* Caulk, 3 Whart., 193; and Prescott *v.* Otterstatter, 29 P. F. Smith, 462, was, that there should be a reduction of the amount of the rent, proportioned over the whole period of the lease.

Judgment affirmed.