# Franklin D. Heffner, Appellant, *v.* John M. Sharp, Constable and Bailiff.

*Replevin for arrears of dower—Set-off inadmissible.*

In actions of replevin growing out of a distress for rent or arrears of dower, set-off is inadmissible in the sense in which that term is commonly used.

*Replevin—Set-off—Evidence—Family settlements.*

Plaintiff's offer of evidence was properly rejected, which attempted to set off against arrears of dower distrained for, and which had accrued under a decree in partition, a cross demand growing out of an alleged mistake in an amicable settlement of the widow's claims against the plaintiff for moneys due from him, individually and as administrator, to the widow. Settlements of family disputes are favored in law and equity and are in any case reluctantly reopened.

Argued Nov. 14, 1896.     Appeal, No. 159, Nov. T., 1896, by plaintiff, from judgment of C. P. Berks Co., March T., 1896, No. 6, on verdict for defendant.     Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.    Affirmed.

Replevin for goods distrained for arrears of dower.

Lucy Heffner, widow of Daniel Heffner, (subsequently intermarried with one Schearer) distrained through the defendant constable, John M. Sharp, for arrears of dower alleged to be due her on an estate of which her son, Franklin D. Heffner,

was seized. The son Heffner replevied and made offers of evidence tending to show that by his inadvertence and mistake, if corrected, in a certain adjustment and settlement made between himself and his mother some years previous, an overpayment or set-off would appear which would show that no dower was in arrears at the time of the distraint made. The court rejected these offers, which formed the ground for the first four assignments of error, ENDLICH, J., charging the jury as follows:

In this case there does not seem to be any question to be passed upon by the jury. The only evidence here is that this party, Lucy Schearer, at whose instance this distress was made was entitled to a certain amount of dower at the hands of the plaintiff. There is no evidence to contradict her in this case that can be submitted to the jury, and, therefore, your duty in this matter will be to find a verdict in favor of the defendant, and to find the amount of interest in arrears due to Lucy Schearer, together with the interest on said arrearages, was $140.50, that she is entitled to.

Exception noted for plaintiff.

Other facts appear in the opinion of the Superior Court.

*Errors assigned* were, (1–4) rejection of all offers of evidence, reciting same; (5) error in charging the jury.

*D. E. Schroeder*, for appellant.—A defendant upon common law principles is in general entitled to retain or claim by way of deduction all payments made by him, and all just demands and allowance accruing to him in request of the same transaction or account, which forms the ground of action, and in this respect such defense is clearly distinguishable from set-off: Chitty's Pleading, 495; Chitty on Contracts, 1266 (11Am. ed.).

Set-off should not be confounded with the defense, that there was an agreement by which plaintiff should accept certain counter demands in satisfaction of his claims: Livermore v. Newburyport Insurance Co., 2 Mass. R., 232.

As to mistake and forgetfulness of appellant in matter of settlement with widow in 1892, appellant cites the following: Horton v. Harbridge, 127 Pa. 11; Meredith v. Haines, 14 W. N. C. 364.

Under the pleadings the appellant's offer of testimony, over-

ruled and assigned for error, should have been admitted : Weber
v. Rorer, 151 Pa. 487.

*J. H. Marx*, for appellee.—Set-off is inadmissible in replevin :
Anderson v. Reynolds, 14 S. & R. 439 ; Fairman v. Fluck, 5
Watts, 516 ; Peterson v. Haight, 3 Wharton, 150.

If the appellant's proof sustained the offer, he could, after
May 3, 1892, have maintained an action for the recovery of the
overpayment : Everson v. Fry, 72 Pa. 326.    Therefore, the
appellant's right to recover the alleged overpayment is as a set-
off, and not as a legal and technical payment.    It is the nature
of his right that distinguishes this case from Weber v. Rorer,
151 Pa. 487, relied upon by the appellant.

OPINION BY RICE, P. J., January 18, 1897 :

This was an action of replevin.    The defendant admitted
and justified the taking of the goods under a distress warrant
issued by Lucy Schearer for the collection of the interest or
arrears of dower due to her for the years 1892 and 1893.    The
plaintiff pleaded "payment" and "no interest due and in arrears."

It appears by the pleadings and evidence that in proceedings
in partition in the estate of Dan'l Heffner, deceased, a purpart
was adjudged to, and accepted by, Franklin D. Heffner, the
plaintiff in this action.    On March 31, 1888, he entered into
recognizance to pay Lucy Heffner, now Schearer, the widow
of the decedent, the sum of $62.36 yearly, being the interest on
one third of the valuation of the purpart less costs.    The de-
cree itself was not offered in evidence and is not printed in the
paper-books, but according to the plaintiff's allegation in his
offer of evidence, it subjected him to no liability for interest
accruing prior to April 1, 1888, the date of the decree.    The
instalments falling due on April 1, 1893 and April 1, 1894
not having been paid when they fell due, Lucy Schearer dis-
trained for the same and this action of replevin followed.    The
plaintiff claimed on the trial of the issue that he was justified
in refusing payment because of a double payment for the years
1885 and 1886 ; and in support of this contention he offered to
prove the following facts : Franklin D. Heffner was the admin-
istrator of his father's estate.    After an adjudication of his
account, his mother, Lucy Schearer, instituted proceedings in

the orphans' court to enforce payment of the sum adjudged to be due her as her share of the personalty. Franklin filed an answer or petition in which he acknowledged to owe her arrears of dower amounting to $62.36 yearly from April 1, 1885, notwithstanding the fact that the partition proceedings were not instituted until 1888. He also claimed that while her share of the personalty was .only $532.83 he had paid her before filing his account of $950.

On the hearing in the orphans' court, or at least at the time of the hearing she brought in a personal claim of $200 and interest for money loaned to him. Franklin did not dispute this, the proceedings in the orphans' court were not pressed to a conclusion, and amicable settlement of all these matters was finally reached on May 3, 1892, in which she was allowed credit for dower interest from April 1, 1885 to April 1, 1891. The balance found to be due her on this settlement was $206.56 which he paid. The plaintiff claims that when he filed his answer in the proceedings above referred to, and when he made this settlement he forgot that he had furnished his mother with butter, milk, eggs, wood and other articles equal in value to the dower interest for the two years beginning April 1, 1885, and that there was a subsequent agreement between them that these articles should be considered as payment of the interest for those two years. His counsel argues that, although he did not make payments which were specifically applied to the instalments of interest for the years 1892 and 1893, yet the foregoing facts show payment of all the arrears of dower that had accrued at the time of the distress, and that under the rulings in Weber v. Rorer, 151 Pa. 487 the evidence of them was admissible for that purpose.

The point decided in Weber v. Rorer was that in an action of replevin where the question under the pleadings was how much rent, if any, was in arrears at the time of the distress, it was improper to reject evidence that overpayments were made by the tenant in previous quarters, and to limit the proof to such payments only as were made in the quarter for the rent of which the distraint was made. That case is distinguishable from the present in several particulars. There the alleged over payments were made on account of rent reserved in the lease under which the tenant occupied the premises at the time of the dis-

tress.  If the tenant had alleged over payment of rent reserved in the lease for a preceding term, it is probable that a different conclusion would have been reached.  Here the alleged double payment was made on account of the widow's dower accruing prior to the time when the premises were accepted by the plaintiff, and indeed prior to the institution of the partition proceedings.  No pretense is made that at the settlement of May 3, 1892, there was any thought in the minds of the parties that the plaintiff was anticipating the payments of interest which would accrue under the decree, or was paying generally upon that account.

The credits allowed were for specific years prior to the decree, and as to those years, according to the plaintiff's allegation, there was a special and independent arrangement between him and his mother.  Again, the settlement of May 3, 1892, was made on the basis of the plaintiff's sworn answer to the proceedings his mother had instituted.  She having been led to abandon those proceedings and to amicably adjust and compromise the several matters in dispute between them, it would be manifestly inequitable to permit him to set up his mere forgetfulness as a ground for going behind the settlement, and forbid it to be opened for all purposes.  But, if this were permitted, it would follow, that in an action of replevin where, stating it most broadly, the only issue raised by the pleading was, whether arrears of dower had accrued after the partition decree and were unpaid at the time of the distress, the court and jury would be called upon to try other issues; namely, what arrears of dower or mesne profit had accrued prior to the decree; was there an agreement by which something besides money was taken in payment thereof; was there a mistake made in the settlement of May 3, 1892; what was due and unpaid the plaintiff's mother as her share of her husband's personal estate—a matter peculiarly within the jurisdiction of the orphans' court;—what did the plaintiff personally owe her for borrowed money.  The substantial objection to the admission of this evidence is not that the questions of fact raised would be numerous and complicated, nor, perhaps, that the settlement made in May, 1892, was in every respect conclusive, but that it would not show that the interest distrained for was not due and unpaid.  The offers were in effect an attempt to set off against the dower interest

for the years 1892 and 1893, which had accrued under the decree in partition, a cross demand growing out of an alleged mistake in an amicable settlement of the widow's claims against the plaintiff for money loaned to him personally, for money due from him as administrator, and for money which he had voluntarily admitted under oath was due to her on account of her dower for specific years prior to the partition of his father's estate. The law is well settled in Pennsylvania that in replevin growing out of a distress for rent or arrears of dower, set-off is inadmissible in the sense in which that term is commonly used. Furthermore, settlements of family disputes are favored in law and in equity, and we are of opinion that the court correctly held that the adjustment of the several matters in dispute made by the plaintiff with his mother was so far conclusive that it could not be reopened in this case.

Judgment affirmed.