## COUNTY OF LINCOLN.

### STEVENS *versus* BLEN.

An account in set-off must be of such a character, that the record will protect the party against an action relating to the same matter.

Thus, where the defendant took back a horse he had sold to plaintiff, on his saying, that he would do what was right about it, or would leave it to a third person, and plaintiff had in fact used and damaged the horse while thus owning it, in an action between them, such claim for *use and damage* is not a matter in *set-off*.

ON EXCEPTIONS from *Nisi Prius*, CUTTING, J., presiding.

ASSUMPSIT, on a promissory note.

The following account in set-off was filed:—

To use of horse from Oct. 6, to Dec. 10, 1851,    $12,00

To injury and damage to same, agreed to be paid, $15,00

It was objected by plaintiff, that such an account was unauthorized in way of set-off, but the Judge allowed proof in support of it.

The evidence tended to show that plaintiff bought a horse of defendant and used him some weeks, and so badly that he was worth $25 less than what he was to pay for him. He sent word to defendant that if he would take the horse back he would do what was right about it or leave it to John Chism. The horse was taken back.

Chism was never called on to arbitrate.

The presiding Judge instructed the jury that the signature of the note being admitted, the only question for them to decide was the amount of damage the defendant had sustained and plaintiff had agreed to pay; *that*, plaintiff having agreed to do what was right, they were to decide what was right.

The verdict was for defendant.

*Hubbard*, in support of the exceptions, relied upon § 27, c. 115, R. S.

*Gould, contra,* contended that the account in set-off was a demand founded upon a contract either express or implied, so as to bring it within § § 24, 27, of c. 115; although the account was in general terms, it was well understood, and cited *Jackson* v. *Holt*, 14 Pick. 151; *Richards* v. *Blood*, 17 Mass. 66; *Truesdell* v. *Wallace*, 4 Pick. 63.

RICE, J. — This is an action at law, and the rights of the parties must be determined upon legal principles. The defendant was sued on a note of hand, the execution of which does not seem to have been seriously controverted. He filed an account in set-off, consisting of two items, as follows : —

1851, Dec. 10, To use of horse from Oc. 6, 1851,
    to date,                                  $12,00
        To injury and damage to same,
            agreed to be paid,                 15,00

It appears from the evidence reported, that the plaintiff had purchased a horse of the defendant, and agreed to pay therefor $125. While the horse was in plaintiff's possession, after the purchase, he was both used and abused. After having had possession of the horse some time, the plaintiff induced the defendant to take him back, saying if he would do so, he would do what was right about it, or he would leave it to John Chism.

For the use of and damage to the horse, while in the plaintiff's possession, the defendant now claims to recover on his account in set-off. The plaintiff contests his right to recover for such charges, in this manner.

Chapter 115, § 27, R. S., provides that no demand shall be set off, unless it is founded upon a judgment or contract; but the contract may be either express or implied.

There is no proof of an express contract on the part of the plaintiff to pay defendant for the use of the horse nor for damage done to him. Nor will the law, under the circumstances, raise any such promise by implication. While the title and possession of the horse were in the plaintiff,

he alone had a right to his services, and if he misused him, it gave the defendant no right to recover damage therefor.

Though it would be equitable for the plaintiff to do what was right, in relation to the horse, he can only be compelled to do so, by a court of law, when the case is properly presented, in such form, that when once settled, the record will show what was determined, and protect the party from further litigation. A recovery by the defendant, for "use and damage" to the horse, would be no answer for the plaintiff in a suit by the defendant for the value of the horse, when sold, nor for the difference in value when sold and when taken back on resale. The instructions of the Court were too broad and gave the jury too much latitude in deciding the case.

*Exceptions sustained. — New trial granted.*