# Charlton *versus* Allegheny City.

1. To a *sci. fa.* on a claim filed by a municipal corporation for grading and paving a certain street, it is no defence that the grading of another street did great damage to other lots of the defendants.

2. Municipal corporations are not liable for injuries arising from the grade which they give to their streets.

3. On a *sci. fa. sur* a lien for grading and paving a street in Allegheny city, under Act of 30th May, 1852—filed against property owned by a minor—and served upon the guardian, a judgment for want of an affidavit of defence is regular.

ERROR to the Court of Common Pleas of *Allegheny county*.

This was a *sci. fa.* under the Act of 30th May, 1852, against the owners of a lot in Allegheny city, to recover the amount assessed upon said lot for the grading and paving of Rebecca street. One of the defendants was a minor, and the *sci. fa.* issued against her guardian. Another of the defendants filed an affidavit of defence, setting forth that the city authorities made the grading in an *illegal and oppressive manner*, and cut down and injured the river front of other lots of the defendant. The court below, M'CLURE, P. J., gave judgment for the plaintiffs, for want of a sufficient affidavit of defence, under the following rule of court:

" In all actions of *scire facias*, on any mortgage or statement, or record of the court, the plaintiff shall be entitled to judgment,

unless the defendant shall file with his appearance, an affidavit of defence, setting forth specifically, and at length, the nature and character of his defence."

*Mellon*, for plaintiff in error, argued that the rule of court did not require persons, acting in a fiduciary capacity, to make an affidavit of defence. *Lieber* v. *Hocker*, 1 Miles, 263; *Edwards* v. *Ewing*, 4 Y. 225; *Marshall* v. *Little*, Sup. to Whart. Dig. tit. Prac. § 27; *Richards* v. *Reed*, 1 T. & H. Prac. 327. And, secondly, that the affidavit disclosed a *prima facie* defence. *Henry* v. *Pittsburgh and A. B. Co.*, 8 W. & S. 85; *Allegheny* v. *Rowley*, Whart. Dig. tit. Corp. § 21.

*Geyer*, for defendants in error.

The opinion of the court was delivered by

LOWRIE, J.—In an action for work and labor done, the defendant may defalcate for any damages which he may have suffered by the careless or unskilful manner in which the work was done; but he cannot set off the damages which the plaintiff may have done to him in another and independent transaction. It follows, therefore, that the injuries, for which the defendants claim compensation in this case, are not admissible by way of set-off in this action. It has been so often decided that municipal corporations are not answerable for any injury arising from the grade which they give to their streets, that this element of the defence must, of course, be set aside.

One of these defendants is a minor, and was so when the lien was filed; but that does not at all affect this remedy against the land, further than requiring that she appear by guardian. He has the custody of her property, and is quite as able to ascertain all the facts relating to the validity of this lien, as if the property were his own. If he can discover no fact that will justify an affidavit of defence, he would find some trouble in making an available defence before a jury.

Judgment affirmed.