# Bank of Chambersburg *versus* Commonwealth.

1. The 47th section of the Act of 16th April, 1850, requiring the banks to keep their notes at par in Philadelphia and Pittsburgh, applies to all the banks of the Commonwealth, and not to those merely that should be thereafter chartered or renewed.

2. A penalty for breach of statute is not, when sued for, within the Defalcation Acts, nor subject to any manner of set-off. A bank cannot, therefore, set off the bonus paid for its charter against the two-mill forfeiture claimed by the Commonwealth, for the violation of the 47th section of the Act of April 16th, 1850; the forfeiture being a penalty, and not a tax. 2 Casey, 451.

ERROR to the Court of Common Pleas of *Franklin county*.

The points raised in this case clearly appear in the opinion of the court, delivered October 6, 1858, by

WOODWARD, J.—In the *Harrisburg Bank's case*, 2 Casey, 451, the policy of the 47th section of the Act of 16th April, 1850, requiring the banks to keep their notes at par in Philadelphia and Pittsburgh, was adverted to, and it is apparent, from what was there said, that it was a comprehensive policy, embracing all the banks of the Commonwealth, and not those merely that should thereafter be chartered or renewed. It would have been ineffectual, and, indeed, unfair legislation, had it not reached all the banks alike. The object was to secure a paper currency, of uniform value at the great centres of trade; and as numerous banks were engaged in supplying this currency, all must conform to the regulation, or the purpose must fail. And if it was a burdensome regulation, there would have been unfairness in imposing it on certain banks, and exempting others. All the banks were to be put on the same footing; all were to keep their notes at par, or pay the two-mill forfeiture on their circulation. Accordingly it happens, that while most of the sections of the Act of 16th April, 1850, are prospective, and were manifestly intended to apply only to banks thereafter chartered or renewed, this 47th section in terms relates to *the several banks of the Commonwealth*, without regard to the dates of their respective charters.

It is not to be doubted that the legislature had power to impose

[Mears v. Commonwealth.]

this new condition on all the banks; but if there were a doubt, it could not avail the Chambersburg Bank, because the Act of 4th April, 1849, renewing its charter, expressly subjected it to such "further provisions as the legislature may hereafter enact, for the general regulation of the banks of the Commonwealth." The 47th section, above referred to, was one of these "further provisions," and this particular bank having stipulated to submit to it, has no reason whatever to resist its operation. Whether we be guided, therefore, by the policy of the enactment of 1850, or by its strict letter, we hold the Chambersburg Bank amenable to the provisions of the 47th section.

Nor is it entitled to set off the bonus paid for its charter, against the two-mill forfeiture now claimed by the Commonwealth. If this claim were for a tax, such a defence would, perhaps, be available under the terms of the charter; but it was settled in the case referred to, (2 Casey, 451,) that it is not a tax, but a penalty, and that of such a specific character as to be within the Statute of Limitations.

A penalty then, for breach of statute, is not, when sued for, within the Defalcation Acts, nor subject to any manner of set-off. The bonus paid is no more defence against this penal action, than rents or salaries paid by the bank would be.

We thus dispose of the two questions raised by the first error assigned, and as the interest is released, which is the subject of complaint in the second error, it only remains that we reform the judgment, by striking out the interest, $237.48, and affirm it for the balance, $1,596.43.

Judgment affirmed for $1,596.43.