*Twenty-first Judicial District.*

# In the Court of Common Pleas of Schuylkill County.

## THE GOVERNMENT NATIONAL BANK OF POTTSVILLE
### *v.* JOHN LUCAS & CO. (714 *J. T.* 1873.)

Under the provisions of the 57th section of the act of congress, approved 3 June, 1864, relative to national currency, the State courts have concurrent jurisdiction with the federal, for suits for penalties incurred for a violation of the said act.

Damages sounding in tort, unconnected with the matter in suit, are not admissible as a set off in an action *ex contractu.*

**Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.**

Opinion delivered Sept. 1, 1873, by

WALKER, J.    This is a suit brought for the recovery of two promissory notes, one dated 15 July, 1872, for $2500, and the other dated 26 September, 1873, for $4000, each at four months, and a check for $3000, dated 8 October, 1872, and payable 1 November, 1873, amounting in all to $9,500, drawn by Geo. J. Richardson to the order of the defendants, who endorsed the same and had them discounted by the plaintiffs, the proceeds of which the defendants received, less some eighteen per cent. discount.    In addition, the affidavit alleges that within two years the plaintiff received $3000 in excess of legal interest on other paper, and the defendants claim, under the 30th section of the act of congress of the 3d June, 1864, relative to national banks, double that amount in the nature of a set off, as a penalty for the violation of the statute.

Two questions are raised :

1. As to the jurisdiction of the State courts under this act of congress.

2. Whether the penalty given in this act (not growing out of the contract in this suit and which is in the nature of a tort), can be set off against the plaintiffs' claim in an action *ex contractu.*

Under the 9th section of the act of congress of 24 September, 1789, called the judiciary act, the district courts of the United States have exclusive original cognizance of all suits for penalties and forfeitures under the laws of the United States.    U. S. Statutes at Large, vol. 3, 245.

By the 1st section of the act of congress, approved 3 March, 1815, jurisdiction is conferred on the respective state and county courts, within or next adjoining a collection district, to take cognizance of all complaints, suits, and prosecutions for taxes, duties, fines, penalties, and forfeitures under any of the acts of congress.    Troubat & Haly Prac., vol. 1, part 1, 139.

The acts of 8 March, 1806, relative to revenue; of 21 February, 1793, relative to patents ; and of 3 March, 1825, regulating the post office department, confer concurrent jurisdiction upon the state courts.    Troubat & Haly, vol. 1, part 1, 140, 141 ; U. S. Statutes at Large, vol. 4, p. 113.

The act of 28 February, 1839, authorizes all pecuniary penalties and

forfeitures under the laws of the United States to be sued for in the state or district court wherein the action arose or the offender may be found. Kent's Com., vol. 1, p. 452 and notes.

The jurisdiction of the state and federal tribunals, in cases arising under acts of congress and otherwise, is ably and exhaustively discussed by Chancellor Kent in the first volume of his Commentaries, star page 388 to 405.

The rule seems to be that congress cannot confer jurisdiction upon any courts but such as exist under the constitution and laws of the United States, although, the state courts *may* exercise jurisdiction in cases authorized by the laws of the state, and not prohibited by the exclusive jurisdiction of the federal courts. Kent's Com., vol. 1, 446.

In Priggs *v.* Comth. of Pa., 16 Peters, 539, the court say that the state magistrates might, if they chose, exercise powers conferred upon them by acts of congress, unless prohibited by state legislation. That is, the state courts are not bound, in consequence of an act of congress, to assume and exercise jurisdiction, but may do so. See Wadleigh *v.* Veser, 3 Sand. 165 ; Houston *v.* Moore, 5 Wheaton 1.

The 57th section of the act of 3 June, 1864, above referred to, provides that suits, actions, and proceedings under the act may be had in any circuit, district, or territorial court of the United States, or in any state, county, or municipal court in the county or city in which said association is located. This clearly establishes the jurisdiction of the state courts.

2. The penalty incurred by the act is here sought to be set off against the plaintiffs' claim. Can this be done ? Or, in other words, can a tort not growing out of the transaction, be set off in an action of assumpsit ? The plaintiff admits that $438.75 were received as discounts on the notes and checks in question, and now asks judgment for the claim less this amount. As this excess of legal interest was received in discounting *these particular notes and checks* the affidavit as to this part is clearly sufficient.

The real question arises upon that part of the affidavit that alleges that $3000 have been paid within two years in excess of the legal interest, and whether the defendants, under the act of congress referred to, are entitled to a set off in double that amount, it being *admitted* that these discounts were received in *other transactions* and on *different notes.*

Under the 2d section of the act of 28 May, 1858, (Purd. Dig. 803, P. L. p. 622), regulating the rate of interest, the excess above six per cent. per annum can be deducted from the debt by the borrower, but no action to recover back such excess of legal interest voluntarily paid can be sustained, unless the same shall have been commenced within six months from and after the time of payment. This act expressly repeals the first and second sections of the act of 2 March, 1723, the penal features of which are entirely omitted in the act of 1858. Under the old statute, as under the English statutes usury consisted in taking more than the legal interest for a loan of money, and was, in some sort, a public offence, punishable

by an action, "*qui tam.*" Fitzsimons *v.* Baum, 8 Wr. 32 ; Campbell *v.* Sloan, 12 P. F. S. 481. There is no doubt that this act of congress is a penal statute, and an action of debt is the proper remedy. Harrisburg Bk. *v.* Comth. 2 Casey 451. Since our act of 1858, case or assumpsit is the remedy for the excess of interest paid on usurious contracts. Heath *v.* Page, 12 Wr. 130, per Woodward, C. J.

The excess of interest over six per cent. is evidently the money of the borrower or debtor, which, when received by the creditor, he cannot retain, but holds for the use of the debtor, and for which an action of assumpsit *lies.* " *It has no cast of a penalty.*" Heath *v.* Page, 13 P. F. S. 121, per Agnew, J.

If the affidavit alleged that the \$3,000 were paid in excess of the legal interest within six months, then under the authority of Thomas *v.* Shoemaker, 6 W. & S. 179, it would constitute a good defence. But the act of assembly authorizing a set off, does not comprehend matters of a tortuous nature. Kechlein *v.* Ralston, 1 Y. 571 ; Kechlein *v.* Mulhollin, 2 D. 237. And one tort cannot be set off against another. 4 Tenn. Rep. 74. An action of tort cannot be maintained in connection with a mere contract, unless the misrepresentations be willful. White *v.* Merritt, 3 Seld. 356. One trespass cannot be set off against another consequent upon it. Waterman on set off, decoupment and counter claim, 149 to 164. See also as bearing on same subject, and holding the same doctrine, Gibbs *v.* Mitchel, 2 Bay. 351 ; Lightner *v.* Martin, 2 M'Cord 214; Slyback *v.* Jones, 9 Ind, 470 ; Donahew *v.* Henry, 4 E. D. Smith 162 ; Crum *v.* Dresser, 2 Sandford 120 ; Pattison *v.* Richards, 22 Barb. 143 ; Steven *v.* Blen, 39 Maine Rep. 420 ; Drake *v.* Cochroft, 4 E. D. Smith 34 ; Wilson *v.* McElroy, 8 Casey 82 ; Gogle *v.* Jacoby, 5 S. & R. 117 ; Fairman *v.* Fluck, 5 Watts 516 ; Murry *v.* Williamson, 3 Binney 135 ; Dunlop *v.* Speers, 3 Binney 169 ; Warner *v.* Caulk, 3 Wharton 193.

This set off is for a penalty incurred in another and different transaction. In an action for work and labor, the defendant may defalcate damages for unskilful or careless work, but he cannot set off damages which plaintiff may have done to him in another and independent transaction. Charlton *v.* Allegheny City, 1 Grant 208.

In an action of assumpsit by a housekeeper for services, the malfeasance of the plaintiff is inadmissible by way of set off, but may be received under a plea of non assumpsit as being connected with the contract. Heck *v.* Shearer, 4 S. & R. 257 ; Sleighman *v.* Jeffries, 1 S. & R. 477. Chief Justice Tilghman says in Gogel *v.* Jacoby, 5 S. & R. 121, "No case at common law has been shown where the defendant has been permitted to deduct from the plaintiff, damages on account of an injury done to him by the plaintiff in a matter unconnected with the cause of plaintiff's action."

But a penalty for a breach of a statute is not, when sued for, within the defalcation acts, nor subject in any manner of set off. Bank of Chambersburg *v.* Com., 2 Grant 384.

The conclusion to which we have come is, that evidence of damages sounding in tort, unconnected with the contract in suit, is inadmissible as a set off in an action *ex contractu*, but when the damages arise out of the particular contract in dispute, they may be given in evidence under the plea of non assumpsit. The remedy, therefore, of the defendants is an action of debt for the penalty under the act of congress.

The rule is, therefore, made absolute, and judgment entered for plaintiffs' claim, less the sum of $438.75, received by plaintiff.

*George R. Kaercher*, Esq., for plaintiffs; *David A. Jones*, Esq., and Hon. *James Ryon*, for defendants.