# Bindley *v.* Pittsburgh, Appellant.

*Municipalities—Assessments for sewers—Lease—Set-off.*

Where the municipal authorities of a city execute a lease of real estate by which the city agrees to pay a rental therefor, and also "to pay all city taxes or assessments," and the city councils approve the lease by resolution, the city will be liable to pay assessments for sewers; but where such an assessment is made and a scire facias sur municipal lien to collect it is issued, the owner of the land cannot set up as a defense the covenant on the part of the city "to pay for all assessments"; but if he pays the assessment

without execution and subsequently sues the city to recover the money as for breach of covenant the city cannot maintain that the claim was res adjudicata because the owner of the property had not set it up in the scire facias proceedings.

In an action for taxes or for a municipal lien for improvements set-off of an indebtedness of the municipality to the tax debtor will not be allowed.

A set-off cannot be allowed until the counter right of action has accrued.

Argued May 3, 1916. Appeal, No. 148, April T., 1916, by defendant, from order of, C. P. Allegheny Co., April T., 1916, No. 707, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Mary Musgrave Bindley, et al., v. Pittsburgh. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for breach of covenant.

Rule for judgment for want of a sufficient affidavit of defense.

SWEARINGEN, J., stated the facts to be as follows:

By agreement dated April 25, 1907, the heirs of Edwin Bindley, deceased, by John Bindley, duly constituted attorney in fact for said heirs, leased to the City of Pittsburgh certain real estate situated at the corner of Vickroy, Maria and Magee streets, numbered 103, 104, 114, 115, 116, 117, 118 and 119 in the plan of lots of the Bindley Estate, the same then being used by the Department of Public Works for city stables. The money rental was $900 per year. The lease also contained the following clause:

"It is understood and agreed further that the City of Pittsburgh is also to pay all taxes or assessments made against said property by the city and make all improvements at its own cost and expense."

The authority for making said contract is found in the following ordinance or resolution:

"No. 121—Resolved, by the Select and Common Coun-

cils of the City of Pittsburgh, that the lease for all those certain lots or pieces of ground situated corner of Vickroy, Maria and Magee streets in the Sixth Ward of the City of Pittsburgh made by John Bindley, attorney in fact and agent for heirs of Edwin Bindley, deceased, to the City of Pittsburgh at the rate of nine hundred ($900) dollars per annum, for a term of one (1) year, shall be and the same is hereby approved, the payment of said rent to be made from appropriation No. 30, Bureau of Highways and Sewers.  In Councils March 18, 1907. Passed."

At M. L. D. No. 68 January Term, 1913, of the Court of Common Pleas of Allegheny County, Pennsylvania, the city filed an assessment of $764.16 against the said premises, in the name of John C. Bindley as owner, for the grading, paving, curbing and changing of grade of Vickroy street.  On February 10, 1913, a writ of scire facias was issued upon said lien, and on May 2, 1913, a judgment was entered for $801.46.  At M. L. D. No. 21 July Term, 1913, of the Common Pleas Court of Allegheny County, Pennsylvania, the city filed a lien against said property in the name of John C. Bindley, as owner, in the sum of $25, with interest from November 21, 1912, for the construction of a sewer on Seitz street.  On May 22, 1913, a writ of scire facias was issued upon said lien, which was served on John A. Fuller, superintendent in possession, being an employee of the defendant, and the premises were posted.  On March 31, 1915, the plaintiffs paid the amount of said judgment, together with interest thereon, $92.04, and costs, $31.08, and on the same day they paid the amount of said sewer lien, together with interest, $3.54, and costs amounting to $30.10.  The total amount of the sums so paid was $983.22.  Said payment was made by the plaintiffs under protest and under threat by the defendant that process would be issued for the collection of said claims, and the payment was made for the purpose of preventing a sale of said property.

This suit was brought to recover the moneys so paid,

upon the ground that the defendant in said lease had undertaken to pay all such claims.

The defendant filed an affidavit of defense, in which it alleged three reasons why the plaintiffs could not recover.

First. The word "assessments" as used in the lease does not include street grading, paving, curbing and sewer assessments.

Second. The resolution authorizing the lease did not authorize an agreement on the part of the defendant to pay taxes and assessments.

Third. The plaintiffs, having failed to defend the writs of scire facias aforesaid, are precluded from recovering from the city the amounts so paid by them.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was order made absolute rule for judgment for want of a sufficient affidavit of defense.

*Hermann F. Ruoff,* with him *Charles A. O'Brien,* for appellant.—The officers of the city in agreeing to pay the taxes or assessments were acting without authority of law, and to that extent the lease is absolutely void: Farrell v. Coatesville Boro., 214 Pa. 296; Ross v. Philadelphia, 115 Pa. 222; Philadelphia v. Flanigen, 47 Pa. 21; Schrover v. Lancaster, 6 Lancaster Bar 201.

Appellees are in the position of having been sued for a claim in a court of competent jurisdiction, having been regularly summoned, having had their day and time to make defense and ignoring their rights, they allow judgment to be taken against them and they pay that judgment. That judgment is conclusive: Ogle v. Baker, 137 Pa. 378; Boas v. Updegrove, 5 Pa. 516; Herring v. Adams, 5 Watts & Sergeant 459; Lauman's App., 8 Pa. 473; Nolte v. Crow, 22 Superior Ct. 113; Sicardi v. Keystone Oil Co., 149 Pa. 139; Schryock v. Buckman, 121

Pa. 248; Hartman v. Ogborn, 54 Pa. 120; Butterfield's App., 77 Pa. 197.

*John G. Frazer,* with him *Edwin W. Smith,* of *Reed, Smith, Shaw & Beal,* for appellees.—The word "assessments" as used in the lease includes municipal improvements: Pray v. Northern Liberties, 31 Pa. 69; Longmore v. Tiernan, 14 Putts. L. Journ. 541; Greensburg Borough v. Young, 53 Pa. 280; Pettibone v. Smith, 150 Pa. 118; Miller v. Lankard, 1 Pittsburgh L. Journ. 131; Griffen v. Phœnix Pottery Co., 14 W. N. C. 266.

The resolution of council authorizes a lease binding the city to pay municipal assessments against the property: Reuting v. Titusville, 175 Pa. 512.

The municipal liens were proceedings in rem and the plaintiffs not only were not bound to set off the damages suffered by them by reason of the city's breach of the contract in failing to pay the assessments but they could not do so, there being no such right given by the acts of assembly relating to municipal claims: Scranton v. Jermyn, 156 Pa. 107; McCracken v. Elder, 34 Pa. 239; Philadelphia, to use, v. O'Conner, 23 Pa. C. C. R. 653; Hopper v. Pittsburgh, 5 Pa. Superior Ct. 41; Pittsburgh v. Harrison, 91 Pa. 206; Charlton v. Allegheny City, 1 Grant 208.

To be effective as a set-off the debt must be due at the time of the commencement of the action: Roig v. Tim, 103 Pa. 115; Riley v. Eigo, 1 Pa. Superior Ct. 139; Morrison v. Moreland, 15 S. & R. 61.

OPINION BY KEPHART, J., July 18, 1916:

The City of Pittsburgh leased from the appellee certain premises, by an agreement which contained the following clause: "It is......agreed further that the City of Pittsburgh is also to pay all city taxes, or assessments, made against said property by the city, and make all improvements at its own cost and expense." Sewer and paving were laid in front of the leased premises, assess-

ments for which were duly made, liens therefor were filed, and a scire facias sur municipal lien issued thereon; service was had on the defendants in the writs and judgment taken in default of an appearance. These judgments were paid by the plaintiffs without execution, and afterwards they brought this action to recover.

The use of the word "assessment" in the foregoing paragraph, included an assessment for grading, paving, curbing and construction of sewers: Griffen, Smith & Co. v. Phœnix Pottery Co., 14 W. N. C. 266; Delaware & Hudson Canal Co. v. Von Storch, 196 Pa. 102. It is not synonymous with the word "taxes": Pray v. The Northern Liberties, 31 Pa. 69; Pettibone, et al., v. Smith, 150 Pa. 118. Nor was it the intention to use it in such sense in the lease. Council approved the lease by a resolution which is sufficiently clear to identify the lease in question, and such approval embraced all the covenants contained in it. We do not regard the covenant "to pay for all assessments" as a defense by way of a set-off, in the proceeding by the city on the scire facias for the sewer assessment.

"The foundation of set-off" or equitable defense "is the prevention of circuity of action," and the "general rule is that cross demands must be between the same persons and in the same rights, so that actions may be maintained thereon each against the other": Hibert v. Lang, 165 Pa. 439. There must be mutuality of demand, both as regards the quality of the right and the identity of the parties: Stuart v. Commonwealth, 8 Watts 74. In not every instance where the right of action exists may it be said that the right of set-off will be allowed. The quality of the matter proposed to be set off may be of such character as to be sustainable only by separate action. The remedy here provided is statutory to enforce a species of taxation. It is justified as a matter of public policy. The property owner is permitted only such defenses authorized by statute: Scranton v. Jermyn, 156 Pa. 107. It may be said generally, as to liens of this kind, assigned

by the municipality, any defense arising directly from the subject-matter of the improvement will be allowed. Thus, in assigned claims, damages for the careless or unskillful manner in which the public improvements are constructed may be set off: Charlton v. Allegheny City, 1 Grant 208; Philadelphia, to use, v. Bilyeu, 47 Pa. Superior Ct. 148. Claims for materials may be set off: York City, to use, v. Miller, 60 Pa. Superior Ct. 407. There is a distinction between claims enforced by use-plaintiffs and those sued for by the municipality: Pepper v. Philadelphia, 114 Pa. 96. "It is almost universally held that in an action for taxes set-off of an indebtedness of the state or municipality to the tax debtor will not be allowed, the statutes of set-off being construed in the light of public policy as not allowing the remedy in proceedings for this purpose, nor is such a claim subject to compensation": 34 Cyc. 656. The same should be true as to municipal liens for improvements. It can readily be seen how a defense such as here proposed, in a proceeding depending on statute, with an appropriation of funds for a specific amount by a legal body from money usually secured by an issue of bonds as the basis of its action, might involve the city in many collateral questions which would work a great injustice to and seriously interfere with its rights. The city depends on the amount realized from the bonds and the assessments due from property owners to pay for the improvement. This money could not be diverted by the city and it must be if this defense were allowed: Major v. Aldan Borough, 209 Pa. 247; Pittsburgh v. Harrison, 91 Pa. 206; Brientnall v. Philadelphia, to use, 103 Pa. 156; Erie City v. Butler, 120 Pa. 374. If the city owed several months' rent this could not be used as a set-off to a lien for taxes: McCracken v. Elder, 34 Pa. 239; Hopper v. Pittsburgh, 5 Pa. Superior Ct. 41, 45: Tagg v. Bowman, 99 Pa. 376-379. Nor should it be to a lien for municipal improvements.

The plaintiffs' claim is for a breach of the covenant in

the lease. This condition arose when the breach occurred and not before. No right of action existed until they were compelled to pay. A set-off cannot be allowed until the counter right of action has accrued: Pennell v. Grubb, 13 Pa. 551. The city did not violate the contract until it exacted the money from the plaintiffs. The set-off was not complete when the scire facias was sued out.

Considering the questions in the light of public policy, and as affecting an important feature of municipal administration, claims arising from independent transactions for set-off against liens for public improvements sued on by the municipality, should not be allowed.

Judgment affirmed.