## New Holland Borough v. Ranck, owner, etc.

*Municipal lien—Counter-claim for damages in trespass—When counter-claim will not be stricken off—Acts of May 14, 1915.*

1. On *scire facias* on a municipal lien for the cost of laying a pavement, the defendant may set off a claim for damages sustained by reason of the acts of the plaintiff's agents and employees in laying the same pavement.

2. This is not an action of *assumpsit,* but a statutory proceeding under the Act of May 14, 1915, P. L. 312; and section 14 of the Practice Act of May 14, 1915, P. L. 483, providing that only claims recoverable in *assumpsit* can be set off in an action of *assumpsit* does not apply.

3. In such case, the application to strike off the defendant's counter-claim should be made promptly and before the filing of the reply thereto.

*Sci. fa. sur* municipal lien. Rule to strike off defendant's counter-claim. C. P. Lancaster Co., March T., 1922, No. 50.

*M. G. Schaeffer,* for rule; *John A. Coyle,* contra.

HASSLER, J., Jan. 19, 1924.—On Oct. 4, 1921, the plaintiff filed a municipal claim in this court against a house and lot belonging to the defendant, in the Borough of New Holland, for the cost of laying a pavement in front of it, together with 20 per cent. penalty and 5 per cent. attorney fee, amounting in all to $519.99. The filing of such claim is authorized by the Act of May 14, 1915, P. L. 312, and its supplements. This *sci. fa.* was issued upon that municipal claim. The plaintiff filed a statement and the defendant filed an affidavit of defence, and subsequently she, on Nov. 27, 1922, filed a supplemental affidavit of defence, in which she sets forth as a set-off to plaintiff's claim a claim of $612, which she alleges is due her because of damages sus-

tained by reason of the acts of plaintiff's agents and employees in laying the pavement for which it seeks to recover in this action. It is conceded that the amount so claimed as a set-off can only be recovered, if at all, in an action of trespass. On Dec. 22, 1922, the plaintiff filed a reply to this claim of set-off, and on Nov. 21, 1923, nearly a year after filing the reply, it presented a petition to this court to strike off defendant's claim of set-off.

This application to strike off defendant's set-off is based, as stated in the motion, on two reasons, as follows:

1. That the action on the part of the plaintiff is an action in *assumpsit*, and matters set off by way of counter-claim against the claim of the plaintiff, the whole amount being $612, are for damages arising in trespass.

2. Plaintiff avers that the defendant has no right to set off the amount of this counter-claim against the claim of the Borough of New Holland in the above case.

This application should have been made promptly and before a reply was filed to defendant's claim of set-off by the plaintiff, but as the defendant does not object to this delay, we will not refuse the motion on that account.

It is true, as contended by the plaintiff's attorney, that the Practice Act of May 14, 1915, P. L. 483, in section 14, provides that only such rights or claims as are recoverable in an action of *assumpsit* may be set off as a counter-claim by a defendant in an action of *assumpsit* against him. This, however, is not an action of *assumpsit*, but a statutory proceeding, authorized, as the claim itself states, by the Act of May 14, 1915. Practice in this case, therefore, is not governed by the Practice Act of 1915, and any claim may be set off as a counter-claim by the defendant that could have been so used before the passage of the act. Cases are numerous that, in order to avoid circuity of action, damages that are only recoverable in an action of trespass can be set off against such claim as plaintiff seeks to recover in this case.

In McLaughlin *v.* Reineman, 69 Pitts. L. J. 426, the plaintiff sued to recover the contract price for laying a sidewalk. The defendant offered as a counter-claim the expense of replacing a plate-glass window that was negligently broken by those who laid the pavement. It is decided that a counter-claim in trespass for damages arising out of the negligent manner in which the work of laying the pavement was done is good, as it is a well-recognized rule that the defendant owes the plaintiff nothing because of some tort committed by the plaintiff against the defendant in connection with the plaintiff's cause of action. The purpose of this rule, it is stated, is to avoid circuity of action.

In Bindley *v.* Pittsburgh, 64 Pa. Superior Ct. 371, which was an action on a municipal claim filed for improvements, it is said: "It may be said generally, as to liens of this kind assigned by the municipality, any defence arising directly from the subject-matter of the improvement will be allowed. Thus, in assigned claims, damages for the careless or unskillful manner in which the public improvements are constructed may be set off: Charlton *v.* Allegheny City, 1 Grant, 208; Philadelphia, to use, *v.* Bilyeu, 47 Pa. Superior Ct. 148."

In Charlton *v.* Allegheny City, 1 Grant, 208, cited in the preceding quotation, the action was a *sci. fa.* upon a municipal lien for grading and paving a certain street. The defendant filed an affidavit of defence, in which it alleges as a counter-claim that it had sustained damages by the act of the plaintiff in grading another street. Justice Lowry, in delivering the opinion of the Supreme Court, said: "In an action for work and labor done, the defendant may defalcate for any damages which he may have suffered by reason of the careless or unskillful manner in which the work was done, but he cannot set

off the damages which the plaintiff may have done to him in another or independent transaction."

In her affidavit of defence the defendant alleges that the damages which she claims as a counter-claim were sustained through the laying of the pavement for which the municipal lien was filed. Her claim, therefore, arises out of the same transaction that the plaintiff's does, and we are satisfied from the authorities cited that it is a proper subject of set-off to plaintiff's claim. We, therefore, discharge the rule to strike off the counter-claim contained in defendant's affidavit of defence. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.