### Lake Heritage Municipal Authority v. Cunningham

*Catherine J. Gault,* for plaintiff.
*Roy A. Keefer,* for defendant.

KUHN, *J.,* January 19, 1991—

### MEMORANDUM OPINION

On January 11, 1989, the Lake Heritage Municipal Authority filed a municipal lien at docket no. 9 of 1989 for front foot sewer assessment in the amount of $6,727.43 against real estate owned by defendant

Edward A. Cunningham, located in Straban Township, Adams County. Thereafter, on November 16, 1990, LHMA filed a praecipe requesting the prothonotary to issue a writ of scire facias which was issued to defendant the same day.

Subsequently, on December 10, 1990, defendant filed an affidavit of defense wherein he admits that LHMA provided the sewer services to the subject real estate, that on June 23, 1986, he entered into an agreement[1] with LHMA to pay a sewer assessment of $6,120, but contends that he is entitled to a set-off. Defendant claims that pursuant to a sanitary sewer right-of-way agreement between himself and LHMA also dated June 23, 1986, LHMA was to "restore the premises as nearly as possible to the same order and condition as existed prior to construction after the installation of the sewer line." He avers that after installation of the sewer line in 1987, the property was not restored to its prior condition and that it will require topsoil, grass seed, straw and labor worth $3,970.20 to restore the affected area. Defendant avers that he has been ready and willing to pay the difference between the claim and the requested set-off, less costs and interest which he believes accrued solely because of LHMA's dilatory delay.[2]

Without any further pleadings being filed, the parties submitted to the court the issue whether defendant had

1. Defendant states in his affidavit that exhibit A attached thereto is the agreement. However, that exhibit is the right-of-way agreement mentioned below and not the assessment agreement.

2. LHMA's brief makes reference to many other facts which do not appear in the record. These "facts" have been ignored by the court. We are limited by the pleadings and may not go outside the record. *General Municipal Authority of this Borough of Harvey's Lake v. Yuhas,* 392 Pa. Super. 397, 572 A.2d 1291 (1990) footnote 1.

the right to plead the set-off set forth in his affidavit of defense.

The right of a municipality to enforce its lien or claim is set forth in the Municipal Lien Law, Act of May, 1923, P.L. 207, 53 P.S. §7101, et seq. as amended. It has been written that:

"A writ of scire facias sur municipal claim is a writ used to enforce payment of a municipal claim out of the real estate upon which such claim is a lien. It has been said that the purpose of a writ of scire facias sur municipal claim is to warn the owner of the property as to the existence of the claim, and to bring him into court to make known any defense he may have.

"A scire facias proceeding to enforce a municipal claim is a purely statutory proceeding, which is considered to be in derogation not only of the common law, but also of private rights....

"A scire facias on the claim is regarded as an action in rem, as opposed to an in personam action against the property owner assessed for the particular municipal improvement or service. Standard Penna. Prac. §106.15 p. 339-40."

The Act permits the defendant to file an affidavit of defense at any stage of the proceeding, 53 P.S. §7182, and, in fact, the writ of scire facias on its face directs the defendant to file an affidavit of defense to the claim, if he has one, within 15 days after service of the writ, 53 P.S. §7185. LHMA does not challenge defendant's right to file an affidavit of defense with a set-off but rather contests his right to raise this specific set-off in the context of LHMA's sewer line assessment claim.

The purpose of allowing a set-off is to prevent circuity of action, however, it is generally only permitted where the cross claims involve the same persons, arise directly from the subject matter of the improvement, *Bindley v. Pittsburgh,* 64 Pa. Super. 371, 376-7 (1916), and no superior equity of third parties will be injured. *York City v. Miller,* 60 Pa. Super. 407, 414-5 (1915).

LHMA claims support for its position in *Bindley, supra,* wherein the court stated that:

"There is a distinction between claims enforced by use—plaintiff's and those sued for by the municipality.... 'It is almost universally held that in an action for taxes set-off of an indebtedness of the state or municipality to the tax debtor will not be allowed, the statutes of set-off being construed in the light of public policy as not allowing the remedy in proceedings for this purpose, nor is such a claim subject to compensation:' 34 Cyc. 656. *The same should be true as to municipal liens for improvements.* It can readily be seen how a defense such as here proposed, in a proceeding depending on statute, with an appropriation of funds for a specific amount by a legal body from money usually secured by an issue of bonds as the basis of its action, might involve the city in many collateral questions which would work a great injustice to and seriously interfere with its rights. The city depends on the amount realized from the bonds and the assessments due from property owners to pay for the improvement. This money could not be diverted by the city and it must be if this defense were allowed ... if the city owed several months' rent this could not be used as a set-off to a lien for taxes ... nor should it be to a lien for

municipal improvements." 64 Pa. Super. at 377. (citations omitted) (emphasis added)

*Bindley* involved a situation where the city of Pittsburgh entered a lease for city stables and agreed, as part of the lease, to pay all taxes or assessments for improvements made against the property by the city. Assessments were imposed for street improvement and sewer construction, liens filed and scire facias issued. The landowner paid the sums under protest and sued in assumpsit to recover the sums paid on the city's claims. The court refused to allow the lease obligation to be used as a set-off against the scire facias because the city's obligation to pay the assessment under the lease did not accrue until the landowner was compelled to pay the assessment, which occurred after the scire facias was issued. That situation differs significantly from the factual and procedural background of the case sub judice.

In reviewing several cases regarding municipal claims and defenses for set-offs, certain principles, in addition to those stated above, become evident. First, in claims for municipal improvements by a use plaintiff, one cannot claim a set-off for alleged sums owed the landowner by the municipality which does not involve a contract between the use plaintiff and the landowner. *Philadelphia v. Edmonds,* 59 Pa. Super. 318, 324 (1915). Second, if the municipal improvement is to be completed in accordance with certain specifications and the work was defective the landowner being assessed may have deduction for that failure if the defect causes special injury to the landowner. *Philadelphia v. Bilyeu,* 47 Pa. Super. 148, 153-4 (1911).

The court has found no case on point. While we acknowledge a strong public policy against the allowance of a set-off to a municipal lien certainly the law acknowledges the right to a set-off in some instances. Here, LHMA constructed a sanitary sewer line and contractually agreed to restore the land affected by the construction to its pre-existing condition. Despite the fact that the claim is in rem and the set-off in personum, we nevertheless believe that equitable principles require the allowance of a defense of set-off to be pleaded in this instance.[3] The parties to each claim are the same. The claims both arise out of construction of the sanitary sewer upon defendant's real estate. We are aware of no superior equity of a third party which would be adversely affected by allowing the defense. The pleading concession, including the right to allege that cost and interest is not owing, being granted defendant should not be interpreted as commenting upon the quality of the defense but only the right to raise it at this time. Nor is the court, at this time, entering any partial judgment for the sums defendant admits he owes, directing him to pay the same, nor setting the disputed facts for a jury trial as requested by defendant in his brief. Those issues must be raised by separate pleading. 53 P.S. §7182 and §7271.

Accordingly, the attached order is entered.

## ORDER OF COURT

And now, January 14, 1992, the court directs that defendant be permitted to plead the right of set-off raised in his affidavit of defense.

---

3. Set-off is permissive, not compulsory. *Township of Lower Merion v. Anderson Miller Estate,* 54 Montg. L.R. 52, 54 (1937).